LEWIS T. WADE *vs.* EBENEZER LOBDELL.

The guardian of a minor, on the coming of age of his ward, having settled an account with him, and taken his receipt in full for the balance due as guardian, and being afterwards summoned into the court of probate, upon the petition of the ward, to settle his guardianship account; it was held, that notwithstanding such settlement and receipt, the guardian was bound to answer on oath proper interrogatories respecting his account and the items thereof, and that the ward might introduce evidence touching the execution and validity of the receipt.

Where a question of fraud arises in the probate court, as incidental to any subject of which that court has jurisdiction, the judge must take cognizance of it and try it, in the same manner as any other question of fact.

THIS was an appeal from a decree of the judge of probate for the county of Plymouth, argued in this court by *E. Ames*, for the appellant, and by *T. G. Coffin*, for the appellee.

SHAW, C. J.   Lobdell, the appellee, late guardian of Wade, the appellant, was summoned into the probate court to settle his guardianship account.   The respondent came in, and filed an answer in the nature of a plea, stating that after his ward came of age, the guardian and ward settled their

accounts, with which the ward was satisfied, and Lobdell paid Wade $1230·32 in full; that Wade then gave him a receipt in full, dated January 10th, 1849,* and he tendered the account and receipt, and prayed to be discharged from all further liability to account.

Thereupon, the appellant, by a motion in writing, filed by his attorney, prayed the judge of probate to examine Lobdell under oath, in regard to the pretended settlement, and in case this should not be done, tendered evidence to show that the receipt was obtained by false and fraudulent pretences, and ought not to preclude him from having a decree requiring Lobdell to settle anew his guardianship account.

The decree is not very full, but after setting forth the petition and citation, and the answer of the guardian averring the settlement and receipt; and that after a full hearing, and it being made to appear that the settlement was made, Wade acknowledged the receipt of the sum named, in full for the balance; it thereupon ordered that Lobdell should not be required further to account.

The reasons of appeal, in addition to the general reason, that the decree should have been the other way, are, that the judge declined to put Lobdell under oath, or to require him to answer interrogatories, and also refused to hear evidence offered by Wade to prove the settlement fraudulent.

The court are of opinion, that this decree was erroneous on both grounds.

A guardian sustains a fiduciary relation to the ward; he is charged with the authority and management of all his property and affairs, during his age of incapacity, and is bound to account, on oath, for all his acts. Rev. Sts. *c.* 79, § 5, art 3, and also § 20; Rev. Sts. *c.* 67, § 7. And this liability extends not merely to attesting on oath generally to the truth and correctness of the account, but to answering specifically

---

* The following is a copy of this receipt: —

"Rec'd of Eben. Lobdell Twelve hundred and thirty $\frac{32}{100}$ dollars, and is in full for the balance due as guardian to me while under age. LEWIS T. WADE."

all questions concerning it.   *Bard* v. *Wood,* 3 Met. 74. Besides, the settlement by a guardian with his ward *in pais,* without the aid or intervention of a court of probate, soon after the ward comes of age, is to be regarded with the strictest scrutiny.

But upon the other point, we think the evidence ought to have been received and weighed, in order to decide whether the receipt in question was or was not obtained by fraud; because, if it was, it was invalid and void.   It was intimated in the argument, that the court of probate had no jurisdiction to inquire into and decide a question of fraud.   When a question of fraud is incidental to any subject of which the probate court has jurisdiction, they must take cognizance of it and try it, in the same manner as any other question of fact.   Suppose the ward had denied his signature; must not the judge of probate have received evidence upon the genuineness of the signature, and passed judgment upon it? But a signature obtained to an instrument by force, duress, or fraud, no more binds the signer than a forged signature. The principle is considered in the case of *Holland* v. *Cruft,* 20 Pick. 321.

If a court of probate must pass upon matters involving questions of fact, as they often must in deciding upon matters of account, they must inquire into the truth of such facts judicially, and for that purpose admit all competent evidence. Were it otherwise, a paper, purporting to be signed by a party to be affected by it, must be taken not only to be genuine, but to be conclusive, without regard to the circumstances under which it was obtained.

The decree must be reversed, and the case remitted to the probate court, with directions to receive proof, if offered, touching the execution and validity of the receipt relied upon by the guardian, and also to require the guardian to answer proper interrogatories, on oath, respecting the account and the items thereof.