THOMAS DRISCOLL *vs.* JOSEPH G. BATTISTA.

Middlesex.   January 7, 1942. — April 2, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Practice, Civil,* Exceptions: entry in Supreme Judicial Court; Informal trial; Speedy trial.

Entry in this court of a bill, setting forth an exception to a denial of a motion that an action be advanced for speedy trial pursuant to § 60A of G. L. (Ter. Ed.) c. 231 following an acceptance of an offer to waive the rules of evidence, was under § 96 premature where the case had not been tried; and the exceptions were dismissed.

TORT.   Writ in the Third District Court of Eastern Middlesex dated January 28, 1941.

After removal to the Superior Court, the motion for speedy trial described in the opinion was denied by *Donahue*, J.

*I. M. Davis*, for the plaintiff.

No argument nor brief for the defendant.

QUA, J.   This is an action at law for personal injuries. After issue joined in the Superior Court the plaintiff, by a writing filed in the clerk's office in accordance with G. L. (Ter. Ed.) c. 231, § 60A, offered to waive the rules of evidence.   The offer was not rejected and in accordance with the provisions of the section "shall be deemed to have been accepted."   The statute further provides that in these circumstances "such action or suit shall be advanced for speedy trial"; but the plaintiff's motion to advance was denied.   The record states that the "defendant" excepted. We assume, however, that the word "defendant" is a clerical error for "plaintiff," since the bill of exceptions purports to be that of the plaintiff founded upon the denial of the plaintiff's motion.

This bill of exceptions is not properly before us.   General Laws (Ter. Ed.) c. 231, § 96, relating to actions at law, contains a provision that "no appeal or exception shall be

entered in the supreme judicial court until the case is in all other respects ripe for final disposition by the superior court." Plainly the case is not ripe for final disposition by the Superior Court. It has not been tried. There is nothing in § 60A, first above referred to, that confers upon a party special privileges in this court contrary to the express prohibition of § 96. The Legislature would not naturally expect that the entry of bills of exceptions in this court contrary to § 96 would be necessary to the successful functioning of § 60A. That section operates as an immediate direction to the trial court. An appellate court would not commonly be expected to concern itself with the order of cases on the list of a trial court.

The plaintiff relies upon the decision in *Weil* v. *Boston Elevated Railway*, 216 Mass. 545, where it was held that the rule that exceptions cannot be entered and heard in this court until the case is ripe for judgment in the court below was "a rule of practice established by the court" (page 547) and not a jurisdictional rule arising out of statute, and he asks us to make an exception to that rule in this case in order to give effect to § 60A. An insuperable obstacle to our taking this course is that since the decision of the *Weil* case, and with the taking effect of the General Laws of 1921, statutory changes embodied in § 96 have converted what was formerly "a rule of practice established by the court" into a rule of statutory law, compliance with which is a prerequisite to jurisdiction in this court. See *Cheraska* v. *Ohanasian*, 259 Mass. 341, 344, 345; *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 60, 61. We have no power to write exceptions into the statute.

This decision is based upon an express statutory provision relating to exceptions. It has no application to any other remedy that may be open to the plaintiff.

*Exceptions dismissed.*