WILLIAM K. BEAN *vs.* 399 BOYLSTON STREET, INC.

Suffolk.   February 6, 1957. — March 28, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Practice, Civil,* Exceptions: entry in Supreme Judicial Court; Motion to dismiss; Review of interlocutory action. *Supreme Judicial Court,* Review of interlocutory action.

Entry in this court of a bill of exceptions setting forth an exception to the denial of a motion to dismiss an action in the Superior Court on the ground of lack of jurisdiction was premature under G. L. (Ter. Ed.) c. 231, § 96, where there had been no decision on the merits; and the exceptions were dismissed.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated December 1, 1955.

Upon removal to the Superior Court, a motion to dismiss was denied by *Rome,* J.

*William P. Everts*, for the defendant.

*Kenneth C. Tiffin*, for the plaintiff.

WILKINS, C.J. The defendant's bill of exceptions seeks to bring here before a decision on the merits the question of the correctness of the denial of its motion to dismiss. The action is in contract by a broker for a commission of $1,795 for negotiating a bank mortgage upon real estate. The writ, which is in trustee process, carries an ad damnum of $2,500, and states that it is "in an action of contract for personal services." The ground of the motion is lack of jurisdiction because of violation of G. L. (Ter. Ed.) c. 246, § 1, as appearing in St. 1943, c. 17, § 1, in that a suit by a broker for a commission is not "an action of contract for personal services" and not one of the exceptions to the requirement that a bond be furnished in actions commenced by trustee process when the ad damnum exceeds $1,000. See *Farber* v. *Lubin*, 327 Mass. 128.

The case is prematurely here. By G. L. (Ter. Ed.) c. 231, § 96, "no appeal or exception shall be entered in the supreme judicial court until the case is in all other respects ripe for final disposition by the superior court." *Driscoll* v. *Battista*, 311 Mass. 372. *Commonwealth* v. *Dowe*, 315 Mass. 217, 219. It is a principle of general application that "this court cannot be required to deal with cases in interlocutory stages, except where the trial judge has exercised his discretion to that end by reporting the action taken by him under G. L. (Ter. Ed.) c. 231, § 111, or in equity under G. L. (Ter. Ed.) c. 214, § 30. . . . In the absence of a report by the trial judge the proper course is to proceed in accordance with his orders until the case is ready for final disposition." *Rines* v. *Justices of the Superior Court*, 330 Mass. 368, 373. See *John Gilbert Jr. Co.* v. *C. M. Fauci Co.* 309 Mass. 271, 273; *Vincent* v. *Plecker*, 319 Mass. 560, 563n. Compare *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 253, 254–255. The rule applies to the denial of a motion to dismiss even when the motion is based on jurisdictional grounds; the denial is not immediately reviewable. *Catlin* v. *United States*, 324 U. S. 229, 236. For a recent decision

under an analogous statute applicable to the Appellate Division of any District Court, see *Redfield* v. *Abbott Shoe Co., ante,* 208.

We withhold an expression of opinion not necessary to our decision as to the meaning of "personal services" in G. L. (Ter. Ed.) c. 246, § 1, as appearing in St. 1943, c. 17, § 1.

*Exceptions dismissed.*