Soule Mill, Inc. *vs.* Lockset Screening Company, Inc.

Norfolk.   October 7, 1960. — November 9, 1960.

Present: Wilkins, C.J., Spalding, Williams, Whittemore, & Cutter, JJ.

*Practice, Civil,* Exceptions: entry in Supreme Judicial Court; Review of interlocutory action; Waiver. *Supreme Judicial Court,* Review of interlocutory action. *Pleading, Civil,* Answer. *Waiver.*

The record in an action did not show that the defendant, who was given leave to file a special answer in avoidance of res judicata and was relieved from filing any further answer until after decision of the issue of res judicata, waived all other defences and any right to file a further answer upon an adverse decision on that issue.   [386]

An exception by the defendant in an action to an order disallowing a "plea" of res judicata in a special answer in avoidance filed by leave of court, and directing the defendant to file a further answer, related to an interlocutory matter which the defendant prematurely and improperly attempted to bring to this court by a bill of exceptions entered therein before the case was ready for final disposition.   [386]

Contract.   Writ in the Superior Court dated June 24, 1958.

An order was entered by *Dewing,* J., disallowing a "plea" of res judicata by the defendant in a special answer in avoidance, and directing the defendant to file a further answer.   The defendant alleged an exception to such order.

*Mack M. Roberts,* for the defendant.

*Edward T. Duggan,* for the plaintiff.

Wilkins, C.J.   This action of contract is to recover for services in weaving and processing yarn of the defendant into finished material.   The defendant's bill of exceptions states that "the defendant was given leave to file a special answer in avoidance setting forth a plea of res judicata; and the defendant was relieved from filing any further answer until after final decision on the defence of said plea of res judicata."   The judge disallowed the "plea" and directed the defendant to file an answer forthwith.

Both briefs state that the defendant waived all other defences in the lower court. But this assertion is not sustained either by the record or by the docket entries. It is also inconsistent with the statement we have quoted from the bill of exceptions relieving the defendant from filing any further answer and with the judge's order to answer further. If the defendant had no further defence, there was no occasion for a further answer, and the disallowance of the "plea" should have been followed by an order for judgment for the plaintiff. The judge's order was not the subject of any exception or appeal by the plaintiff. There has been no waiver by the defendant of any right to file an answer pursuant to the judge's order, which, for aught that appears, is still insisted upon.

This is an attempt to bring before us an interlocutory matter other than by a report of the judge. That this cannot be done is elementary. *Driscoll* v. *Battista,* 311 Mass. 372. *Rines* v. *Justices of the Superior Court,* 330 Mass. 368, 373. *Bean* v. *399 Boylston St. Inc.* 335 Mass. 595, 596. G. L. c. 231, § 96.

*Exceptions dismissed.*