MICHAEL W. ALBANO vs. JORDAN MARSH COMPANY.

Suffolk.    April 5, 1968. — June 5, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Contract*, Performance and breach, Extension of time because of "unavoidable delays." *Words*, "Unavoidable delays."

With respect to an agreement providing that a developer of a shopping
center would construct a building therein, and that a retail department
store would take a lease of it but could terminate the agreement unless
the building and parking facilities and roadways, including an outer
belt highway on a boundary of the center, were completed by specified
dates, "subject to extension by reason of unavoidable delays," and
defining "unavoidable delays" as "delays beyond the reasonable control of the party required to perform," it was held that suits in equity,
which were beyond the developer's control, preventing construction
of the outer belt highway, whose construction the store had repeatedly
asserted was necessary to its acceptance of the building, constituted
an "unavoidable delay" in the construction of the building entitling
the developer to an extension of time for its construction.

BILL IN EQUITY filed in the Superior Court on April 7,
1967.

The suit was heard by *Brogna*, J.

*Charles M. Ewing* for the defendant.

*Edward U. Lee* for the plaintiff.

KIRK, J.    Albano brought this bill under G. L. c. 231A,
§ 1, to determine his right to continue performance under a
lease agreement with Jordan Marsh Company (Jordan).  The
decree declared that, under the terms of the agreement, time
still remains for Albano to complete his performance.   Jordan
appeals.   There is a statutory report of material facts; the
evidence is reported.   The standard of review is stated in
*Sulmonetti* v. *Hayes*, 347 Mass. 390, 391.

Albano is engaged in the promotion and development of
shopping centers.   After a period of negotiation which began
in 1959, he and Jordan, an operator of retail department
stores, entered into an agreement titled "Indenture of Lease"

on April 28, 1964. This document, as later amended, consists of forty-five pages of the printed record. By its terms Albano was to construct a shopping center in Springfield to be known as the Springfield Mall Shopping Center; Jordan agreed to lease a certain four story building to be constructed at the center. Jordan reserved the right to terminate the agreement if Albano should fail to deliver the substantially completed building by February 1, 1968, or the associated automobile parking facilities and roadways within ninety days after Jordan occupied the building, unless Albano was delayed by "unavoidable delays."[1] Albano seeks to determine whether the facts now to be stated constitute unavoidable delay, and in consequence entitle him to an extension of time for the completion of the building. Under art. XXXV, § 2, Albano would be entitled to an extension of time which is equal to that period of time during which, because of unavoidable delay, he was prevented from performing.

One of the roadways required to be completed is the so called Outer Belt which was to be the northerly boundary of the shopping center. Prior to the execution of the lease agreement several meetings were held, attended by Albano and officers of Jordan and of Jordan's parent corporation, Allied Stores. Some of these meetings were also attended

---

[1] "ARTICLE VII Right of Parties Under Certain Conditions. Section 1. In the event that Landlord [Albano] fails to perform any one or more of the following on or before the expiration of the respective time limitations for performance (such dates being subject to extension by reason of unavoidable delays as provided in Article XXXV), to wit: . . . (b) Landlord's failure to deliver to Tenant [Jordan] the substantially completed department store building on the demised premises, as provided for in Article IV hereof, by . . . [February 1, 1968]; or (c) Landlord's failure to provide the automobile parking and roadways as set forth in Article V hereof, not later than ninety (90) days after Tenant has commenced its fixturing . . . then: . . . if Landlord fails to cure any default within thirty (30) days . . . Tenant may at its option, within sixteen (16) days after the expiration of said thirty (30) day period, terminate this lease . . . . Tenant shall have a similar option to terminate in the event funds for the construction and/or improvement of the Outer Belt and Route 21 as is provided for in Section 2 of Article V hereof have not been allocated by one year from the date hereof. . . .

"ARTICLE XXXV Definition of Unavoidable Causes and Delays. Section 1. Wherever used herein, the words 'unavoidable causes' or 'Unavoidable delays' shall be deemed to mean any causes and delays beyond the reasonable control of the party required to perform including: fire, catastrophe, strikes, lockouts, civil commotion, acts of God or the public enemy, government prohibitions, inability to obtain materials or labor by reason of governmental regulations or prohibitions or the act or default of the other party."

by the Governor and other State officials and the Mayor of Springfield and the city council. At these meetings Jordan made it clear that it would not locate in Springfield or accept the shopping center without the Outer Belt. The judge found that "the existence of the Outer Belt was an essential ingredient of the contract between Albano and Jordan." Jordan is the principal tenant in the proposed shopping center. Without Jordan's participation, construction of the shopping center would not have been undertaken.

To ensure the construction of the Outer Belt, Albano agreed with the city of Springfield on October 23, 1964, to make a contribution of $260,000 toward the cost. Prior to November 21, 1966, the city made takings of property by eminent domain to build the Outer Belt. On that date, two suits in equity were filed in the Superior Court to prevent the construction of the road. Interlocutory decrees sustaining demurrers to the bills and final decrees dismissing the bills have been affirmed by this court. *Poremba* v. *Springfield, ante,* 432, *Omartian* v. *Mayor of Springfield, ante,* 439. On November 30, 1964, Jordan insisted that it would "not then go forward with . . . [its] lease" if the Outer Belt was not built. No work has been done on the Outer Belt. No bids have been sought; no contract has been awarded. Albano notified Jordan of the suits, as required by the agreement, and claimed that they constituted "unavoidable delay." The judge found that because of the delay caused by the suits, Albano was unable to meet the time schedules for the construction of the building, and ruled that he was entitled to an extension.

Jordan concedes that the litigation constituted an "unavoidable cause" which would justify delay in constructing the Outer Belt. It contends, however, that justifiable delay in completing the Outer Belt would not justify delay in completing the building. We do not agree. Albano could not deliver a building which Jordan would be bound to accept unless the Outer Belt were constructed. Until final decisions of the interfering suits were made no one could say whether this would be possible. The agreement excuses any delay

"beyond the reasonable control of the party required to perform." See fn. 1 (art. XXXV). Jordan has conceded, in effect, that the suits were beyond Albano's control. It is also bound by its own repeated assertions that the building would not be accepted without the road. It is clear, therefore, that the building was delayed by reasons beyond Albano's control. Jordan's reliance on the maxims noscitur a sociis and ejusdem generis is misplaced. *Trustees of Andover Theological Seminary* v. *Visitors of the Theological Inst. in Phillips Academy in Andover*, 253 Mass. 256, 270. See *Gray* v. *Central Mass. R.R.* 171 Mass. 116, 124–125. Under the agreement Albano is entitled to an extension. The decree properly so declared.

*Decree affirmed with costs of appeal.*