DAVID H. MARSHALL vs. FREDERICK W. BAILEY
& another.

Plymouth.    November 10, 1972. — January 4, 1973.

Present: TAURO, C.J., REARDON, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Practice, Civil,* Rehearing.

There must be a rehearing after allowance of a motion to substitute
the plaintiff's trustee in bankruptcy for the plaintiff in an action
for services in connection with a land development where it could
not be ascertained from what was before this court whether, as of
the date of filing the petition in bankruptcy, any claim under the
contract for services had vested in the trustee in bankruptcy under
11 U. S. C. § 110 [1970] or whether the plaintiff still had an interest
in any such claim. [749–750]

CONTRACT.   Writ in the Superior Court dated July
8, 1970.

A motion to substitute the plaintiff's trustee in bank-
ruptcy for the plaintiff was heard by *Lurie,* J.

*Edmund M. Pitts* for David H. Marshall.

*David H. Kravetz* for Irving Widett, trustee.

*Earle S. Tyler,* for the defendants, submitted a brief.

WILKINS, J.   The plaintiff Marshall presents his ex-
ception to the allowance of a motion to substitute his
trustee in bankruptcy Mr. Irving Widett as plaintiff
in this action of contract for amounts allegedly due to
Marshall for services rendered to the defendants.   The
motion to substitute was heard on the plaintiff's declara-
tion and the facts set forth in the motion itself.   The
action has not been tried or otherwise disposed of.   No
party has objected to the presentation of Marshall's
bill of exceptions to this court at this time.[1]

---

[1] Although the judge's allowance of the motion was final as to
Marshall, there is no basis for the presentation of this bill of excep-
tions to this court as an interlocutory matter in the absence of a report
by the judge (see G. L. c. 231, § 111).   *Bean* v. *399 Boylston St. Inc.*
335 Mass. 595, 596.   *Soule Mill, Inc.* v. *Lockset Screening Co. Inc.* 341
Mass. 385.

Each party accepts as true for the purposes of this case the facts (set forth in the motion to substitute) that on May 6, 1970, a petition in bankruptcy with respect to Marshall was filed and on June 29, 1970, Mr. Widett was appointed trustee in bankruptcy of the plaintiff.

This action was thereafter commenced by a writ dated July 8, 1970. The declaration is in three counts. Count 1 alleges that the defendants retained Marshall in connection with the rezoning and subsequent development of their land in Duxbury, that he performed services which were instrumental in obtaining the rezoning, that thereafter he performed services related to the development of the defendants' land, that the defendants agreed to compensate Marshall for his services in an amount equivalent to ten per cent of the value of the land at the time of its sale, that through no fault of Marshall the defendants terminated his services, and that the defendants owe Marshall $70,000, which it is alleged represents ten per cent of the value of the property at the date of the writ. Count 1 does not state the date upon which the defendants are alleged to have terminated Marshall's services. Count 2 alleges, on an account annexed, that the defendants owe Marshall $70,000 for "services rendered in re: Rezoning and development of land." This count does not allege the last date upon which services were rendered. Count 3, based on quantum meruit, alleges that services were rendered from August 1, 1964, to June 25, 1970, and that the fair and reasonable value of those services was $70,000. The declaration states that each count is for the same cause of action.

Under § 70 (a) of the Bankruptcy Act (11 U. S. C. § 110 [1970]) Mr. Widett was "vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating . . . [the] proceeding [May 6, 1970] . . . to all of the following kinds of property wherever located . . . (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might

have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered . . . (6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property . . . ." See 4A Collier, Bankruptcy (14th ed.) ¶ 70.28; Remington, Bankruptcy (5th ed.) §§ 1177–1180.

Mr. Widett, joined by the defendants, argues that the plaintiff's claim for compensation clearly existed on May 6, the date of the filing of the bankruptcy petition. Relying on *Florance* v. *Kresge*, 93 F. 2d 784, 787 (4th Cir.), Mr. Widett claims that the executory contract had been fully performed and that because all that remained to be done was the payment of money, the claim had become an assignable chose in action. See 4A Collier, Bankruptcy (14th ed.) ¶ 70.22 [3]. Marshall, on the other hand, not disagreeing concerning the applicable law, asserts that his contract was for the performance of services of a personal nature, that it was not concluded on May 6, that the contract was not assignable on the date of the filing of the bankruptcy petition and that consequently the claim expressed in his declaration did not vest in his trustee in bankruptcy.

The resolution of these two conflicting points of view depends on the facts upon which Marshall relies. The parties urge us to pass on this question from a reading of the declaration. We believe, however, that resolution of this dispute on the plaintiff's declaration is not possible. The question whether the plaintiff's claim for compensation is vested in the trustee depends on the facts ultimately to be proved at trial (if in fact any valid claim will be proved). The declaration itself is unclear on the question whether Marshall's claim is a claim for the payment of money due, in whole or in part, on or before May 6, 1970 (the date of the filing of the petition in bankruptcy). Under count 1 we do not know when the defendants allegedly terminated Marshall's employment, thus giving rise to the claim expressed in that count. Count 2, based on an account

annexed, does not show when the services were last furnished. Count 3 based on quantum meruit raises the possibility that the major portion of the claim expressed in this count belongs to Mr. Widett but that any amount due for services rendered after May 6 belongs to Marshall. In the absence of an indication in the declaration showing as to counts 1 and 2 when the cause of action arose and as to count 3 (and perhaps the other counts) what, if any, portion of Marshall's claim is fairly attributable to the brief period between May 6 and the date of the writ, this dispute cannot be resolved upon the facts alleged in the declaration. Because it is unclear from the declaration that Marshall has no interest in the claim alleged against these defendants, the motion to substitute Mr. Widett as plaintiff should not have been allowed in the absence of evidence showing the facts.

In the effective administration of this case we believe that the bill of exceptions should not be dismissed on the ground that it is improperly before us (a result for which no party argues) but rather that Marshall's exception should be sustained so that the motion to substitute may be considered further in the Superior Court.[2]

*Exceptions sustained.*

---

[2] The stage of the proceeding at which a decision on Mr. Widett's motion to substitute would be appropriate is within the discretion of the Superior Court.