MICHAEL W. ALBANO vs. JORDAN MARSH COMPANY.

Suffolk.    January 9, 1975. — May 5, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, & WILKINS, JJ.

*Practice, Civil,* Review of interlocutory action, Appeal.

A petition under G. L. c. 211, § 4A, seeking the transfer of an action at law from the Superior Court to the Supreme Judicial Court was properly denied as an indirect and premature attempt to obtain appellate review of unreported interlocutory orders.  [651-655]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on April 2, 1974.

The case was heard by *Hennessey,* J.

*Michael W. Albano,* pro se.

*Charles W. Sullivan,* of New York, for Jordan Marsh Company.

QUIRICO, J.   This is a petition under G. L. c. 211, § 4A, as appearing in St. 1972, c. 740, § 2, requesting that a case now pending in the Superior Court be transferred to this court for the purpose of vacating and reversing certain interlocutory orders entered by a judge of the latter court and for certain other relief discussed below.   On a return of the order of notice the matter was heard by a single justice of this court who thereafter entered an order denying the petition.   The hearing was limited to the allegations of the petition and the argu-

ments of counsel. The case is before the full court on the plaintiff's exception to the denial of his petition. There was no error.

The pertinent portion of G. L. c. 211, § 4A, is the following: "The supreme judicial court may . . . direct any cause or matter to be transferred from a lower court to it in whole or in part for further action or directions, and in case of partial transfer may issue such orders or direction in regards to the part of such cause or matter not so transferred as justice may require."

This is another, but perhaps not the last, of a substantial number of cases stemming from the plaintiff's plans for the development and construction of a sizable shopping center in Springfield. Earlier cases in this line requiring the attention of the courts at the appellate level include the following: *Poremba* v. *Springfield,* 354 Mass. 432 (1968), *Omartian* v. *Mayor of Srpingfield,* 354 Mass. 439 (1968), *Albano* v. *Jordan Marsh Co.* 354 Mass. 445 (1968), and *Albano* v. *Jordan Marsh Co.* 2 Mass. App. Ct. 304 (1974) (further appellate review denied, 365 Mass. 636, June 20, 1974). The last two cases cited above trace the business relationship between the plaintiff and defendant which gave rise to the continuing controversy between them. The intended relationship of lessor (plaintiff) and lessee (defendant) failed of fruition for a number of reasons which have fanned the fires of litigation between the parties to the extent that the litigation continues now sixteen years after they first started negotiations, eleven years after they first signed a lease, and seven years after the entry of their first case, which we decided in *Albano* v. *Jordan Marsh Co.* 354 Mass. 445 (1968). Following that decision the relationship of the parties worsened, the shopping center was never built, and the plaintiff started more litigation described below, which led to the present proceeding.

On December 5, 1968, the plaintiff brought an action at law against the defendant alleging in five counts that the latter had committed breaches of its contract and in

a sixth count that it had maliciously interfered with the plaintiff's business relationship with others, including other lessees or potential lessees of the proposed shopping center. On March 19, 1971, while the action at law was still pending and not tried, the plaintiff entered a bill in equity against the defendant seeking specific enforcement of their lease and money damages for the defendant's alleged breach of the lease and other wrongful conduct. The trial of the equity suit resulted in findings, rulings and a decree to the effect that the plaintiff had failed to perform his obligations under the lease, that the defendant had not failed to perform its obligations thereunder, that the defendant was not liable in damages to the plaintiff, and that the liability, if any, in damages of the plaintiff to the defendant was left to be determined in a separate action then pending between the parties, seeking damages for the plaintiff's breach of the lease agreement. The plaintiff appealed from that decree entered on June 4, 1973, to the Appeals Court which affirmed the decree on May 24, 1974. *Albano* v. *Jordan Marsh Co.* 2 Mass. App. Ct. 304 (1974) (further appellate review denied, 365 Mass. 636, June 20, 1974).

After the plaintiff started his equity suit on March 19, 1971, as described above, the following proceedings took place in the pending action at law between the same parties. On September 24, 1971, as the result of a hearing before a judge of the Superior Court, the plaintiff discontinued his five counts in contract, leaving only the sixth count in tort. On October 17, 1973, a judge of that court allowed a motion of the defendant to amend its answer by adding a plea of res judicata based on the decree of June 4, 1973, in the equity suit; but because that decree was under appeal to the Appeals Court the judge ordered that the action at law be placed on a list of nontriable cases until disposition of the appeal, at which time it would be removed from that list and placed at the top of the next monthly list of cases for trial by jury. The plaintiff requested the judge to report his rulings to

this court and the request was denied.  The plaintiff then
perfected a bill of exceptions thereon and the bill was
allowed on March 1, 1974, but he was unable to enter it
in this court or the Appeals Court because of the
interlocutory nature of the rulings involved.

On April 2, 1974, the plaintiff, without waiting for a
decision by the Appeals Court on the appeal in the equity
suit, entered in this court his petition under G. L. c. 211,
§ 4A, asking that the action at law be transferred to this
court for the following purposes:   (a) the revocation of
the Superior Court orders allowing the amendment of the
answer to include the defense of res judicata and continu-
ing the case pending decision of the equity appeal by the
Appeals Court, (b) placing the action on the trial list in
the Superior Court, and (c) determining whether the
Superior Court judge's findings in the equity suit were
proper, and if proper, whether they constitute res judica-
ta in the tort action.   This unorthodox petition and its
bizarre prayers represent an attempted subversion of our
"general rule of practice so early announced, so frequent-
ly reiterated and so constantly followed, and so mani-
festly in the interest of parties litigant and the general
public . . . that exceptions will not be considered until
the case is ripe for final judgment.  The rule of practice
as to when exceptions may be presented for argument in
this court ought to be simple, capable of being easily
understood and not likely to be open to doubt in applica-
tion.   The one just stated possesses all these elements.   It
is more important to preserve it than to break in upon it
for the purpose of doing what may appear to be desirable
in a single case and thereby work confusion in many
other cases."   *Weil* v. *Boston Elev. Ry.* 216 Mass. 545,
549 (1914).   Whether governed by the former law or by
the more recent Massachusetts Rules of Civil Procedure
and Massachusetts Rules of Appellate Procedure a litigant
is not entitled to piecemeal appellate review of unre-
ported interlocutory orders or rulings of a trial judge by
the full court of this court or of the Appeals Court.

*Orasz* v. *Colonial Tavern, Inc.* 365 Mass. 131 (1974). *Giacobbe* v. *First Coolidge Corp., ante,* 309 (1975). *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc., ante,* 464 (1975). For relief from such an order or ruling, see G. L. c. 231, § 118, as appearing in St. 1973, c. 1114, § 202.

The single justice correctly denied the petition as an indirect and premature attempt to obtain appellate review of an unreported interlocutory order or ruling. The attempt has served only to delay trial which was probably obtainable in June or September, 1974, under the Superior Court order of October 17, 1973.

*Exceptions overruled.*