Welsh, P.J.
This is an action under General Laws Chapter 273A, the Uniform Reciprocal Enforcement of Support Act. The action was initiated in the Court of Common Pleas in Pennsylvania. The appropriate documents were forwarded to the Barnstable Division. An order of notice issued. Although the return of service is not before us, the docket entries indicate that the defendant filed a special appearance and a motion to dismiss before the return day. The motion to dismiss was denied. Subsequently, the defendant filed a motion for summary judgment, a second motion to dismiss and answer. The motion for summary judgment was not served upon the plaintiff or her counsel.
At the hearing on the motion, the judge received testimony and reviewed the pleadings, concluding that the motion to dismiss should be denied since the defendant received actual notice by certified mail notwithstanding any failure to serve the order of notice “in hand, ’ ’ as was requested in the order of notice itself.
As regards the motion for summary judgment, the court ruled that on the basis of the following facts, which the court deemed were material and were not disputed, a judgment of dismissal was required:
*307 Daniel Bushnell and Isabelle Bushnell, both Massachusetts domiciliaries, were married in 1938. On May 29,1981, a complaint for divorce was entered in the Massachusetts Barnstable Probate and Family Court and a separation agreement was approved by the court under the provisions of General Laws Chapter 208, § 1 A, thus setting in motion divorce proceedings which would result in a judgment nisi of divorce in six months from that date.
Notwithstanding having this knowledge and having been warned that a ‘quickie’ divorce would be a nullity, the petitioner, Margaret Reed [sic], urged the respondent to go to Mexico or the Dominican Republic for a divorce.
Margaret and Daniel, each in pari delicto, went together by airplane to Santo Domingo in the Dominican Republic on June 3, 1981 where on that same day Daniel received a ‘divorce’ from Isabelle and then later went through a purported marriage ceremony with Margaret.
The ‘divorce’ there was on the basis of incompatibility of temperament which is not equivalent to any cause of divorce in this Commonwealth. Daniel and Margaret went to the Dominican Republic for the sole purpose of evading the Laws of this Commonwealth relating to both Daniel’s divorce from Isabelle and the subsequent remarriage. I find that each is chargeable with the knowledge of the invalidity of the bogus divorce and marriage.
Daniel and Margaret separated after 22 days of living together; Daniel returned to Isabelle and the Barnstable divorce complaint was dismissed on September 25, 1981.
I find that Margaret did not suffer a change of position to her detriment because of any representations made by respondent.
I find that the Laws of the Dominican Republic relating to divorce and marriage as might be applicable in this case are so repugnant to our policies as expressed in the statutes of the Commonwealth and prejudicial to its interests that the doctrine of comity of nations should not be applied so as to give effect to the divorce and marriage in the Dominican Republic.
The judge ruled that the divorce entered in the Dominican Republic was null and void; that the virtually contemporaneous marriage was null and void; that the defendant owes no duty of support to the plaintiff; and ordered that the petition under the Uniform Reciprocal Enforcement of Support Act be dismissed.
The plaintiff moved pursuant to Rule 60(b) (1), (3) and (6), Mass. R. Civ. P., 365 Mass. 828, for relief from judgment. In support of the motion, the plaintiff claims that she had no notice of the motion for summary judgment and that the recital of facts the defendant supplied with regard to the motion for summary judgment was imcomplete and misleading.[1] She further claims that the court’s findings, rulings and order for judgment were not received by the court in Pennsylvania, the initiating state, until after 10 days.
The judge allowed the motion for relief from judgment and vacated its order for judgment, ruling that since jurisdiction over matters relating to the validity of marriages is vested by statute in either the Probate Court or the Superior Court, such courts should determine the validity of the marriage at issue in the present case. The judge ordered proceedings to be stayed for 60 days to enable the *308 defendant to bring proceedings to determine the validity of the defendant’s Dominican Republic divorce and subsequent marriage of the plaintiff and defendant. We were informed at oral argument that neither the plaintiff nor the defendant chose to bring such proceedings.
The defendant claims to be aggrieved by the judge’s allowance of the motion for relief from judgment and the implicit ruling that the district court lacked jurisdiction to determine the validity of the divorce and contemporaneous marriage in connection with the petition for support under the Uniform Reciprocal Enforcement of Support Act.
We determine that the judge erred in ruling that the question of the validity of the divorce and subsequent remarriage must first be determined in a court with express subject matter jurisdiction before the duty of support may be determined and enforced under General Laws Chapter 273A. We further conclude that the judge’s order allowing the defendant’s motion for summary judgment which he vacated was correct and that the action was rightly dismissed.
1. We first observe that this case comes before the Appellate Division in an interlocutory posture. Considerations of judicial economy and efficiency under; lie the general rule that a party aggrieved by the actions or by the failure to act of a trial judge must await the final disposition of the case before they are presented for appellate review. Albano v. Jordan Marsh Co., 367 Mass. 651, 654 (1975). An appellate tribunal unquestionably has authority to consider and dispose of an appeal as a matter of discretion notwithstanding its interlocutory character if the trial judge makes a voluntary report of his action. Bean v. Boylston Street, Inc., 335 Mass. 595, 596 (1957). Rule 64(d), Dist./Mun. Cts. R. Civ. P. authorizes a trial or motion justice to make a voluntary report of interlocutory rulings as a matter of discretion, either at the request of a party of sua sponte. Since the motion judge signed the report, we deem this as a voluntary report of an interlocutory ruling.
2. The motion judge vacated his order allowing the defendant’s motion for summary judgment based upon his assessment that the district court lacked jurisdiction to determine the validity of the divorce of the defendant from Isabelle and his subsequent marriage to the plaintiff. While it is certainly true that district courts do not possess jurisdiction to determine the validity of the divorce and remarriage as such, where the matter over which the district court lacks jurisdiction is merely incidental to a matter over which the court has jurisdiction,the incidental matter may properly be adjudicated when such adjudication is necessary to determine a cause which is properly within the court’s authority. A case in point is Wade v. Lobdel, 58 Mass. (4 Cush.) 510 (1849). The court held that even though the probate court had no jurisdiction generally to inquire into and to decide a question of fraud, it had jurisdiction to inquire into such a question where it was incidental to the exercise of its authority to enter a decree on a petition for an accounting. Id. at 512; J. NOLAN, CIVIL PRACTICE, §108, n. 21 (1975). In Nevins v. Tinker, Mass. Adv. Sh. (1981) 2335,the Supreme Judicial Court voiced no objection to a district court judge’s exercise of .incidental jurisdiction by construing a clause contained in a will of the plaintiff s testatrix as it directly related to the defendant’s claim that the indebtedness created by a note was forgiven. Id. at 2338, 2339. The court, by way of dicta, referred to the case of Police Comm’r of Boston v. Municipal Court of the Dorchester Dist., 374 Mass. 640 (1978), which held that the district court had inherent power to order the expungement of certain police records incidental to its exercise of jurisdiction in a proceeding against a juvenile. Id. at 665, n. 18.
3. It is clear beyond question that the purported marriage between the plaintiff *309 and the defendant is void. The undisputed facts establish that neither party intended to establish a domicile in the Dominican Republic, that neither was represented by counsel, and that under the circumstances the divorce was a nullity. Bergeron v. Bergeron, 287 Mass. 524, 528, 529 (1934). It follows that the subsequent marriage of the plaintiff and the defendant is void by reason of the impediment of a prior existing marriage. Puzo v. Puzo, 342 Mass. 775 (1961). Since the purported marriage between the plaintiff and defendant was void, and since the “marriage” was the sole basis for the claim for support, the judge’s order granting the defendant’s motion for summary judgment was correct and should not have been vacated.
We determine that there was prejudicial error in the granting of the motion for relief from judgment and in vacating the order granting summary judgment for the defendant. The case is remanded to the trial court for the entry of judgment dismissing the petition on the merits and for the entry of an order denying the motion for relief from judgment.

So ordered.

 No affidavit was furnished particularizing these alleged factual differences.