Doyle, P. J.
This is a petition to establish the defendant’s draft report upon which no action was taken within ninety days of the filing thereof.
The docket indicates that the defendant filed a pre-trial motion to dismiss the plaintiffs complaint on the grounds of a release given by one Michael Seigal, not a party to this action, in his individual capacity and as Trustee of Ashmont Realty Trust, to an employee of the corporate defendant. Various affidavits, memoranda of law and correspondence copies were submitted by both parties in conjunction with the defendant’s dismissal motion. The trial justice properly treated the defendant’s motion as one for summaryjudgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 56. Cousineau v. Laramee, 388 Mass. *43 859, 860, n.2 (1983); Mongeau v. Boutelle, 10 Mass. App. Ct. 246, 247 (1980); Davidson v. Commonwealth, 8 Mass. App. Ct. 541, 542, n.2 (1979). The defendant’s motion was denied after hearing.
The defendant thereafter submitted a request for a report and a draft report challenging the trial court’s denial of the defendant’s motion. No action was taken by the trial justice upon this pre-trial draft report; and the defendant subsequently filed the petition to establish which is before this Division. No trial has been held to date in the lower court.
The denial of a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment is an interlocutory ruling. Old Pilgrim Ins. Agency, Inc. v. Monarch Life Ins. Co., 11 Mass. App. Ct. 893 (1980); Caldwell v. Collier, 5 Mass. App. Ct. 903, 904 (1977). It is well established that a litigant is not entitled to piecemeal appellate review of unreported interlocutory orders and rulings. CUNA Mutual Ins. Soc. v. Attorney General, 380 Mass. 539, 541 (1980); Rollins Environmental Serv., Inc. v. Superior Court, 368 Mass. 174, 179 (1975); Albano v. Jordan Marsh Co., 367 Mass. 651, 654 (1975). Immediate review of an interlocutory order is possible only when a trial justice voluntarily reports, in the exercise of his G.L.c. 231 § 108 and Rule 64 (d) discretion, a ruling which he considers and certifies as one dispositive of a material issue which will affect the outcome of trial and which should, injustice, be determined before further trial proceedings are conducted. Foreign Auto Imports, Inc. v. Renault Northeast Inc., 367 Mass. 464, 467 (1975); Pleasant Travel, Inc. v. Butler, 1983 Mass. App. Div. 41, 43; Barnette v. Commercial Union Ins. Co., 55 Mass. App. Dec. 3, 6-7 (1974); Cf. Bohlin v. Camille, 1982 Mass. App. Div. 286, 287. Absent such an exercise of discretion by a trial justice, appellate review of an interlocutory order or ruling cannot be claimed as of right and will not be granted until a final judgment has been entered. See e.g., Borman v. Borman, 378 Mass. 775, 779 (1979); Cappadona v. Riverside 400 Function Room, Inc., 372 Mass. 167, 168-169 (1977).
As the trial justice in the case at bar has not elected to report voluntarily her denial of the defendant’s motion, the defendant’s petition to establish a draft report challenging such interlocutory order must be denied as premature.[2] The propriety of the court’s Rule 56 ruling will be open for review after judgment; and the defendant has successfully preserved its eventual appellate rights by filing a timely request for report and draft report on this issue. Further, Rule 64 (c) ( 5) of the Dist./Mun. Cts. R. Civ. P. is expressly inapplicable to draft reports on interlocutory matters.[3] No question arises, therefore, as to the continuing viability of the defendant’s draft report even though final action has not been taken by the trial justice upon such draft report within three months of the filing thereof.
Petition denied.

 Every petition to establish, whether or not it appears to have merit, must be forwarded promptly to this Division. The trial court clerk thus acted properly in directing the defendant’s petition to establish to our attention despite the premature character of the petition.

 Rule 64(c) (5) states, in relevant part: “If final action by the trial judge upon any draft report, other than upon an interlocutory matter, is not taken within three months after the filing thereof, and no petition tor establishmen t of a report has been filed, the cause shall proceed as though no request for a report had been made, unless the appellate division for cause shown shall allow further time (emphasis supplied).”