Turcotte, P.J.
The plaintiff supplier of furniture seeks to recover from the City of Worcester based on a two count complaint. Count one alleges a contract and the second a claim for quantum valebant. The defendant and plaintiff each filed motions for summaryjudgment and the City of Worcester claims the judge committed error in entering summary judgment for the *18 plaintiff in the amount of $6,322.00 on the count of quantum valebant and in denying its motion for summary judgment on both counts.
The affidavits in support of the motions and the pleadings indicate it is undisputed that furniture was ordered from the plaintiff in an amount of $6,322.00 without any advertisement for proposals in any newspaper or writing signed by the mayor or city manager. There was a writing signed by the purchasing agent for the city. The city claims the furniture delivered was defective but admits it did not reject the furniture and still has possession of it.
The report indicates it is uncontested that the provisions of G.L. c.43, §29, are applicable to the executive functions of the defendant City of Worcester and that G.L. c.40, §46 had been accepted by the city.
The cases decided under §29 and its Boston counterpart — are explicit that those statutes are ones of broad general application and that the requirement of mayoral approval is not something which can be sloughed off as a mere ministerial act. Singarella v. Boston, 341 Mass. 385, 388 (1961). Urban Transp., v. Mayor of Boston, 373 Mass. 693, 697 (1977). It has been stated repeatedly that the purposes of a statute such as §29 are to unify control over a city’s commercial transactions, prevent waste and to bring the mayor’s best independent judgment to bear on the advisability of his city’s entering into all the contracts which fall' within the ambit of the statute and are proposed by all the city’s various departments, boards and commissions. Eastern Mass. St. Ry. v. Mayor of Fall River, 308 Mass. 232, 235, 238 (1941). Singarell v. Boston, 342 Mass. at 388-389. Urban Transp. Inc. v. Mayor of Boston, 373 Mass. at 697. Boston Gas Co. v. Boston, 13 Mass. App. Ct. 408, 415 (1982).
Although a purchasing agent may be able to curb or prevent waste in the actual purchasing process, he is in no position to curb or prevent the type of waste which flows from purchases which should never be made dr to achieve any of the other purposes of the statute. Lumarose Equipment Corp. v. Springfield, 15 Mass. App. Ct. 517, at 519-520 (1983).
The language in Lumarose makes it clear that G.L. c.43, §29 is applicable to all purchases even when it appears to contradict provisions of the Uniform Commercial Code. Since we hold that the plaintiff can not recover on any theory pleaded, and that the judge was in error in denying the defendant’s motion for summaryjudgment and in allowing plaintiff’s motion, we will not consider G.L. c. 40 and 46. We remand the case to the judge for action in accordance with this decision to include consideration of any amended pleadings filed by the plaintiff within thirty days.