Black, P. J.
The plaintiff petitions for the establishment of a report on a trial judge’s allowance of a Rule 60(b) motion vacating a default judgment entered in favor of the plaintiff for the defendant’s failure to answer interrogatories.
The plaintiffs petition discloses that he brought an action in three counts alleging breach of contract (Count I), defamation by libel (Count II), and defamation by slander (Count III), against the Rehoboth Problem Solving Center, Inc., and James Collins, individually. Only Count III involves the defendant Collins. Count III seeks recovery against both the defendant corporation and the defendant Collins for alleged slanderous statements maligning the plaintiffs reputation, vocational competency and integrity. Separate answers were filed in behalf of each defendant by attorney, Philip M. Weinstein. Subsequently, the defendant was defaulted for failure to answer interrogatories, following which he was assessed damages in the amount of $40,000.00, interest in the amount of $25,946.64, and costs in the sum of $48.75. The plaintiff sought and obtained an execution against the defendant Collins. Thereafter, the Barnstable Sheriffs Office levied upon the defendant’s property, at the plaintiffs request.
Thereafter; on or about August 9,1988, the defendant Collins, through new counsel, filed a Motion for Relief from Judgment, to Stay Levy on the Execution, and to Supersede the Execution. In his lengthy affidavit in support of the motion, the defendant stated that attorney Weinstein had appeared in the case both for him and the corporation, and had actively participated in the preparation of the case. That at no time had Attorney Weinstein advised him that he no longer represented him. After learning of the default judgment, he contacted Attorney Weinstein, who told him that he knew nothing about the judgment. Attorney Weinstein, however, denied that he had ever represented the defendant Collins. The defendant Collins promptly retained new counsel, who filed the said motion in his behalf. After hearing, the trial judge allowed the defendant’s motion and ordered the defendant to answer the interrogatories within twenty days.
The plaintiff, claiming to be aggrieved by the trial judge’s allowance of the_; *170 defendant’s motion, filed a timely notice of appeal, request for a report and draft report. The plaintiff later filed a motion for an extension of time to file his draft report, which was allowed. The draft report was filed within the time allowed. However, the trial judge was apparently never made aware of the request for a report and was never provided a copy of the draft report. Due to the passage of time, the plaintiff filed this petition to establish a report in order to protect his appellate rights.
The petition seeks to establish a report on what is clearly an interlocutory matter, namely the allowance by the trial judge of a motion to vacate the default judgment under Dist./Mun. Cts. R. Civ. P., Rule 60(b). The effect of the allowance of that motion is to restore the case to the active trial list. While the plaintiff alleges substantial prejudice to his case by virtue of the fact that the action was commenced in 1981, and asserts that the material witnesses may no longer be available for a trial of the base, it also appears undisputed that Attorney Weinstein filed answers for both defendants in this case, and the defendant Collins believed that he was represented by Attorney Weinstein up until he learned of the default judgment. At that point, when Attorney Weinstein advised him that he did not represent him in the matter, he immediately sought new counsel, who promptly moved to protect his rights by filing the said motion.
We conclude that the plaintiffs petition must be denied because its attempts to secure appellate review of a purely interlocutory matter Dist./Mun. Cts. R. Civ. P., Rule 64(c)(5). See, Bushnell v. Bushnell, 1983 Mass. App. Div. 306, 308.
A litigant is not entitled to piecemeal appellate review of unreported interlocutory orders and rulings. Seigal v. Fitz Taxi, Inc., 1986 Mass. App. Div. 42,43. “Immediate review of an interlocutory order is possible only when a trial justice voluntarily reports, in the exercise of his G. L. c. 231, § 108 and Rule 64(d) discretion, a ruling which he considers and certifies as one dispositive of a material issue which will affect the outcome of trial and which should, in justice be determined before further trial proceedings are conducted.” Seigal, at 43. Absent such an exercise of discretion by a trial justice, appellate review of an interlocutory order or ruling cannot be claimed as of right and will not be granted until a final judgment has been entered. Seigal, at 43. In this case,the trial justice did not voluntarily report the questión and therefore, the Appellate Division will not entertain it.
Perhaps it would be appropriate to add that a Rule 60(b) motion is governed by the criterion articulated in Berube v. McKesson Wine and Spirits Co., 7 Mass. App. Ct. 426 (1979). On the strength of the information contained inthe plaintiffs draft report, no abuse of discretion by the trial judge is shown. Therefore, even if the plaintiffs petition were allowed, it appears unlikely that he would prevail on the merits of the issue. See Sperberg v. Allstate Insurance Company, 58 Mass. App. Dec. 137 (1976), Leibowitz v. Buehler Realty Trust, 1988 Mass. App. Div. 26, 27.
Consequently, the petition to establish a report is denied.