KRIMKOWITZ vs. ALIEV, 102 Mass. App. Ct. 46

 
 JACK KRIMKOWITZ vs. SERGUEI ALIEV.

102 Mass. App. Ct. 46
 September 28, 2022 - December 20, 2022

Court Below: District Court, Dedham Division
Present: Neyman, Ditkoff, & Hershfang, JJ.

 

No. 21-P-1111.

"Anti-SLAPP" Statute. District Court, Small claims procedure. Practice, Civil, Small claims procedure, Interlocutory appeal. Appeals Court, Jurisdiction.

This court dismissed, for lack of jurisdiction, an appeal from an interlocutory order denying a special motion to dismiss under the "anti-SLAPP" statute, G. L. c. 231, § 59H, in a small claims action, where small claims actions were excluded from the limited interlocutory appellate right provided by the doctrine of present execution, in that, by design, the harassment and burdens of litigation in such actions are light; and in that the Legislature intended the small claims procedure to be simple, informal, and inexpensive. [47-50]

Civil action commenced in the small claims session of the Dedham Division of the District Court Department on December 24, 2020.

 A special motion to dismiss was heard by the clerk-magistrate.

 Scott L. Machanic for the defendant.

 William E. Evans (Kevin P. Martin also present) for the plaintiff.

 HERSHFANG, J. The defendant appeals from the denial, by a clerk-magistrate of a small claims session of the District Court, of his special motion to dismiss under the "anti-SLAPP" statute, G. L. c. 231, § 59H. [Note 1] We dismiss the appeal for lack of jurisdiction. 

 Background. Each of the parties owns a residential condominium unit in a condominium development in Mashpee. [Note 2] The defendant is the president of the condominium trust's board of trustees (board). Following a board meeting in December 2019, the plaintiff approached the defendant with a complaint. According 

 Page 47 

to the defendant, the plaintiff "became angry, raised his voice, and . . . demanded that [the defendant] speak with him then and there." The defendant maintained that he then "stood up, anticipating that [the plaintiff] was about to hit [him]," but he also averred that he was "unsure whether [the plaintiff] intended to engage in a physical altercation." The plaintiff then left the room. Two days later, the defendant filed an application for a criminal complaint in the District Court, accusing the plaintiff of assault. 

 According to the plaintiff, he was "falsely accused." He retained counsel to represent him at the hearing before the clerk-magistrate on whether to issue the criminal complaint. After the hearing, for which each party submitted affidavits, the clerk-magistrate declined to issue a complaint.

 Some eleven months later, the plaintiff filed a one-page "Statement of Small Claim and Notice" form in the small claims session of the District Court, seeking reimbursement for his $1,000 in attorney's fees stemming from the clerk-magistrate criminal complaint hearing, along with fifty dollars in court costs. The defendant responded with a special motion to dismiss pursuant to the anti-SLAPP statute. A clerk-magistrate of the District Court, sitting in the small claims session, heard argument for nineteen minutes, most of which consisted of factual representations by the parties, and then took the matter under advisement. Six days later, the clerk-magistrate issued a "Notice of Next Event" form, setting a magistrate's hearing for December 9, 2021, and ruling, "Motion to dismiss is DENIED," with no further explanation. At no point did the defendant request a transfer of the case to the regular civil docket. Rather than proceeding to the hearing, the defendant filed a notice of appeal purporting to appeal to this court from the order denying his special motion to dismiss.

 Discussion. Typically, rulings on special motions to dismiss under the anti-SLAPP statute run many pages and require difficult legal analysis. See, e.g., Nyberg v. Wheltle, 101 Mass. App. Ct. 639, 639-640 (2022), quoting Commonwealth v. Exxon Mobil Corp., 489 Mass. 724, 728 n.5 (2022) (noting "'difficult and time consuming' resolution of special motions to dismiss pursuant to the 'anti-SLAPP' statute"). After determining that a case falls within the scope of the anti-SLAPP statute, see, e.g., Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 164 (1998), resolution of a special motion to dismiss requires the application of a complex burden-shifting framework, see Blanchard v. Steward 

 Page 48 

Carney Hosp., Inc., 477 Mass. 141, 147-148 (2017), S.C., 483 Mass. 200 (2019). This sort of detailed memorandum of decision is wholly inconsistent with the inexpensive, informal nature of the small claims process, and thus the clerk-magistrate was justified in denying the motion without further explanation. Nonetheless, we cannot discern whether the clerk-magistrate concluded that this was a SLAPP lawsuit, but it failed to meet the burden-shifting test, or whether he concluded that the lawsuit did not fall within the SLAPP framework and therefore the test did not apply. Because we conclude that we lack jurisdiction over this interlocutory appeal, however, these questions need not be answered.

 "As a general rule, there is no right to appeal from an interlocutory order unless a statute or rule authorizes it." Maddocks v. Ricker, 403 Mass. 592, 597 (1988). "Consistent with this rule, the denial of a motion to dismiss is ordinarily not an appealable order." Fabre v. Walton, 436 Mass. 517, 521 (2002), S.C., 441 Mass. 9 (2004), citing Bean v. 399 Boylston St., Inc., 335 Mass. 595, 596 (1957). Under the doctrine of present execution, however, "immediate appeal of an interlocutory order is allowed if the order will interfere with rights in a way that cannot be remedied on appeal from the final judgment." Fabre, supra, citing Mitchell v. Forsyth, 472 U.S. 511, 524-525 (1985). Claims of governmental immunity and the disqualification of chosen counsel are appealable under this doctrine. See Brum v. Dartmouth, 428 Mass. 684, 688 (1999); Borman v. Borman, 378 Mass. 775, 780 (1979).

 In Fabre, the Supreme Judicial Court extended the present execution doctrine to the denial of a special motion to dismiss under the anti-SLAPP statute. The court reasoned that, like a ruling on governmental immunity, "the denial of a special motion to dismiss interferes with rights in a way that cannot be remedied on appeal from the final judgment." Fabre, 436 Mass. at 521. This is because the Legislature intended the anti-SLAPP statute to protect against the "harassment and burdens of litigation," id., by "[deterring] lawsuits filed to intimidate citizens from legitimately petitioning the government for redress of grievances and [providing] a mechanism for the prompt dismissal of such lawsuits before the petitioning party has been forced to incur significant costs of defense," Plante v. Wylie, 63 Mass. App. Ct. 151, 156-157 (2005). Given that those protections are "in large measure lost if the petitioner is forced to litigate a case to its 

 Page 49 

conclusion before obtaining a definitive judgment through the appellate process," Fabre, supra, the Supreme Judicial Court held that "there is a right to interlocutory appellate review from the denial of a special motion to dismiss filed pursuant to the anti-SLAPP statute," id. at 521-522. 

 We read Fabre to exclude the present case from this limited interlocutory appellate right. By design, the harassment and burdens of litigation in small claims actions are light; the Legislature intended the small claims procedure to be "a 'simple, informal and inexpensive procedure.'" D.R. Peck Excavating, Inc. v. Machado, 481 Mass. 1033, 1034 (2019) (D.R. Peck), quoting G. L. c. 218, § 21. Consistent with that goal, the Uniform Small Claims Rules (2009) provide that there is no complaint; [Note 3] "the filing of an answer is optional," rule 3(b); discovery is not allowed "except upon good cause shown," rule 5; "[o]ther civil rules of court" do not apply, rule 1; trials (and any related motions) are "generally . . . determined, by a magistrate," rule 7(f); and attorney participation "may be limited in a manner consistent with the simple and informal adjudication of the controversy," rule 7(g). The procedure "exists as an alternative to the more formalized process that applies to regular civil cases. Parties who opt to take advantage of its benefits forgo certain rights that they would otherwise have in a regular civil case, including the regular rights of appellate review." (Citation omitted.) D.R. Peck, supra. 

 Our conclusion is bolstered by considering the limited appellate options available from small claims judgments. In keeping with the guiding principle of a simple, informal, and inexpensive procedure, a defendant in a small claims action who wishes to preserve appellate rights may, before trial, request that a case "be transferred out of the small claims session and onto the regular civil docket," D.R. Peck, 481 Mass. at 1034 (reiterating that G. L. c. 211, § 3, affords no appellate option to defendant). [Note 4] See G. L. c. 218, § 24; Rule 4(a) of the Uniform Small Claims Rules. See 

 Page 50 

also Trust Ins. Co. v. Bruce at Park Chiropractic Clinic, 430 Mass. 607, 610 (2000) (summarizing limited appellate rights in small claims session). On the other side of the ledger, "[a] plaintiff beginning a cause under the [small claims] procedure shall be deemed to have waived a trial by jury and any right of appeal to a jury of six session in the district court department." G. L. c. 218, § 23. Although a party "may ask the judge to exercise his or her discretion to report the matter to the Appellate Division if the judge believes that questions of law within the case require appellate review," D.R. Peck, supra, "[n]o party to a cause under the procedure shall be entitled to a report," G. L. c. 218, § 23. Because we conclude that the instant case does not fall within the reasoning in Fabre for entertaining an interlocutory appeal, we dismiss.

 Appeal dismissed.

FOOTNOTES
[Note 1] "SLAPP" stands for "Strategic Lawsuit Against Public Participation." Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 160 n.7 (1998). 

[Note 2] It appears that the units are second homes; the plaintiff's mailing address is in New Jersey, and the defendant's mailing address is elsewhere in Massachusetts. 

[Note 3] "Each small claim action shall be begun on a Statement of Small Claim form. The claim shall be stated in concise, untechnical language, but with particularity and comprehensiveness. A statement shall not be insufficient merely because the plaintiff has failed to allege all the elements of a prima facie case." Rule 2(a) of the Uniform Small Claims Rules. 

[Note 4] Although such a transfer is nominally discretionary, the Supreme Judicial Court has held that granting a transfer should be the ordinary course. D.R. Peck, 481 Mass. at 1034 n.2. The defendant could have requested transfer of the case to the regular civil docket and then pursued an anti-SLAPP motion there. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.