*Municipal Court of the*
*City of Boston*
No. 351086
**BENJAMIN BARNETTE**
**v.**
**COMMERCIAL UNION**
**INSURANCE COMPANY**

Argued: Apr. 12, 1974 - Decided: June 25, 1974

*Present:* Lewiton, C.J., Glynn, DeGuglielmo, JJ.

Case tried to *Doerfer, J.*

**Lewiton, C.J.** This is an action of contract in which the plaintiff sued to recover personal injury protection benefits, costs and reasonable attorney's fees under a motor vehicle insurance policy issued by the defendant, covering expenses for necessary and reasonable medical services incurred by the plaintiff as a result of injuries sustained by him in a motor vehicle accident. During the pendency of the

action, the plaintiff, purporting to act pursuant to G.L. c. 233, § 19G,[1] filed affidavits of a physician and a hospital representative as to charges for medical services claimed to have been rendered to the plaintiff. Thereafter, and before the case was scheduled for trial, th defendant moved to strike such affidavits, on the ground that § 79G is inapplicable to the instant action, which is one of contract. This motion was allowed, and the affidavits were ordered stricken. Thereupon the justice taking this action certified that "the granting of defendant's motion to strike so affects the merits of the controversy that it ought, in justice, to be determined by the Appellate Division before further proceedings are had", reported his decision on the motion to the Appellate Division for its determination, and stayed all further proceedings in the case. G.L. c. 231, § 108.

At the outset, we are confronted with the question of whether we should now review the reported issue, which resolves itself

---

[1] The relevant portions of G.L. c. 233, § 79G read as follows: "In an action of tort for personal injuries, or for consequential damages arising therefrom, an itemized bill for medical, dental or hospital services rendered to a person injured, subscribed and sworn to ... by the physician, dentist or authorized agent of the hospital rendering such services, shall be admissible as evidence of the fair and reasonable charge for such services; provided . . . that written notice of the intention to offer such bill as evidence, together with a copy thereof, has been given to the opposing party . . . and that an affidavit of such notice . . . is filed wtih the clerk of the court . . ."

essentially to a question as to the admissibility of evidence which *may* be offered at the trial of this case on its merits. The Supreme Judicial Court has stated on many occasions with reference to reports by judges under statutes [2] comparable to that under which the report here was made to us, that "interlocutory matters should be reported only where it appears that they present serious questions likely to be material in the ultimate decision and that subsequent proceedings in the trial court will be substantially facilitated by so doing." *Commonwealth* v. *Henry's Drywall, Inc,.* Mass. Adv. Sh. (1972) 1689, 1693; *Bendslev* v. *Commissioner of Public Safety,* 328 Mass. 443, 445; *John Gilbert Jr. Co.* v. *C. M. Fauci Co.,* 309 Mass. 271, 273; *John Hetherington & Sons, Ltd.* v. *William Firth Co.,* 212 Mass. 257, 259; See *Re Vautier,* 340 Mass. 341, 344; *Angoff* v. *Angoff,* Mass. App. Adv. Sh. (1973) 119, 121. Notwithstanding that a report of such interlocutory matters is authorized by statute, the Supreme Judicial Court "as a matter of discretion will postpone decision of issues thus reported until appellate review after trial, where such action seems more appropriate as a matter of judicial administration. There should be no report to such a report except on issues of substantial significance." *Commonwealth* v. *Benjamin,* 358 Mass. 672, 673, fn. 1.

---

[2] See G.L. c. 214, § 30; G.L. c. 231, § 111; G.L. c. 278, § 30A. [See: 25 Legalite ___].

This Appellate Division may likewise review the exercise of discretion by a single justice in reporting, prior to trial, decisions on interlocutory matters, and may decline to pass on the reported issues if it appears that such issues do not meet the aforementioned standards. Cf. *John Hetherington & Sons, Ltd.* v. *William Firth Co.*, 212 Mass. 257, 259; *Commonwealth* v. *Henry's Drywall, Inc.*, Mass. Adv. Sh. (1972) 1689, 1693.

Were the question reported in this case a routine issue of admissibility of evidence, or even a unique question of admissibility, we would not hesitate to defer a decision on it until completion of the trial of the case. At that time, any and all questions of law properly reported to us could be reviewed. However, it is urged upon us that the issue here reported is one which has arisen on several occasions in other cases in this and other courts, and is likely to arise with even greater frequency as the provisions of the "no-fault" motor vehicle insurance law become applicable to increasing numbers of situations developing out of injuries arising from the operation of motor vehicles in this Commonwealth. Solely on the basis of this consideration, and without thereby being deemed to have established a precedent for reviewing other interlocutory rulings on questions of evidence, we proceed to consider the applicability of G.L. c. 233, § 79G to actions of contract brought to en-

force the liability of insurers for medical expenses under personal injury protection policies issued pursuant to G.L. c. 90, § 34A.

Such an insurance policy must provide, subject to provisions not here material, that the insurer thereunder will pay the named insured all reasonable expenses incurred by him for necessary medical and hospital services rendered to him in connection with injuries sustained as a result of the operation of a motor vehicle within the Commonwealth. § 34M of chapter 90 of the General Laws provides for prompt payment of personal injury protection benefits and provides further that in "any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payments of amounts therein determined to be due in accordance with the provisions of" said chapter 90. The instant action was brought pursuant to the foregoing provisions.

In our opinion, G.L. c. 233, § 79G is inapplicable to this case. By its very terms, that section applies to "an action of *tort* for personal injuries, or for consequential damages arising therefrom."[3]

It is an accepted canon of statutory construction that meaning and effect must be

---

[3] See fn. 1, above.

given, if at all possible, to all of the words in a statute, and that none be treated as superfluous. *Chatham Corp.* v. *State Tax Commission*, Mass. Adv. Sh. (1972) 1297, 1299-1300; *Commonwealth* v. *McMenimon*, 295 Mass. 467, 469. If § 79G were to be construed as being applicable to actions of contract as well as to actions of tort, as urged by the plaintiff here, no effect would be given to the words "of tort" in the introductory phrase in the section. The intent of the legislature to limit to actions of tort the admissibility of sworn itemized bills for medical or hospital services is made clear by the language of the statute as enacted. Had the Legislature intended the provisions of this section to be applicable to actions of contract, as well as to actions of tort, it could easily have so provided in express terms, as it did in other sections of chapter 233 of the General Laws, enacted many years prior to the enactment of §79G. Thus, in §79B of that chapter, the Legislature provided that certain statments of facts should be admissible "in civil cases", a phrase descriptive of contract, as well as tort, actions. In § 79C, certain other statments of fact or opinion were made "admissible in actions of contract or tort for malpractice, error . . .". If we were to construe the limited language of § 79G as broadly as urged by the plaintiff, we would be indulging in judicial legislation rather than in statutory interpretation. Cf. *Boston Five*

*Cents Savings Bank* v. *Assessors of Boston,* 317 Mass. 694, 701; *Commonwealth* v. *Horton,* —— Mass. —— (April 23, 1974) (Opinion by Wilkins, J., at page 12).

We cannot accept the plaintiff's argument that his action to recover personal injury protection benefits under an insurance policy by reason of injuries sustained by him in a motor vehicle accident is an action of contract sounding in tort, and therefore comprehended within the phrase "an action of tort" as used in §79G. The underlying feature of the "no-fault" motor vehicle insurance law, and of the personal injury protection benefits insurance policies provided for thereunder, is the elimination of consideration of such questions as negligence or other torious conduct. Recovery may be had under the conditions of the policy as prescribed by the statute entirely irrespective of any question of negligence or other tort. See G.L. c. 90, § 34A, as inserted by St. 1970, c. 670, § 2. *Pinnick* v. *Cleary,* Mass. Adv. Sh. (1971) 1129, 1133.

Finally, the defendant argues that § 79G should be construed as being applicable to contract actions such as the instant one in order to effectuate the purposes of the "no-fault" motor vehicle insurance statute, in that the latter was intended to provide for prompt payment for medical expenses incurred by persons insured under the personal injury protection benefits policies with a minimum of delay and

a minimum of expense to the claimant. We deem such considerations irrelevant to a proper construction of § 79G which was enacted in 1958, twelve year sprior to the enactment of the "no-fault" law in 1970. The language of § 79G, in limiting its applications to specified types of tort actions, is unambiguous.

That being so, "a resort to changed conditions is not permissible to ascertain or enlarge" the applicability of § 79G. *Walenz* v. *Alcoholic Beverages Control Commission,* 297 Mass. 133, 138. Nor can the plain language of a statute be distorted or enlarged because the statute, as enacted, may cause hardship. *Boston Five Cents Savings Bank* v. *Assessors of Boston,* 317 Mass. 694, 702.

Moreover, we note that in 1972, the Legislature addressed itself to the problem of the unpaid claimant under a personal injury protection policy, and amended G.L. c. 90, § 34M so as to provide (1) for speedy trials of actions commenced in the District Courts to recover payments withheld by insurers, and (2) that if, in such an action, "the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney's fees." See St. 1972, c. 319. (We observe, in passing, that the plaintiff's declaration here sets forth a claim for a reasonable attorney's fee and for the expenses of expert medical testimony pursuant to said

§ 34M as so amended.) The Legislature may well have regarded the provisions for recovery of such expenses by the plaintiff as a sufficient deterrent to discourage insurers from unreasonably withholding payment of reasonable medical, hospital and other expenses to which claimants under personal injury protection benefits policies are entitled. If the claims of such persons for reimbursement of such expenses are to be facilitated further by enlargement of the scope of G.L. c. 233, § 79G, this result can be achieved only by legislative action and not by judicial construction. Cf. *Boston Five Cents Savings Bank* v. *Assessors of Boston,* 317 Mass. 694, 701; *Commonwealth* v. *Horton,* 1974 Mass. Adv. Sh. 12. Whether such legislative action should be taken, either for the reasons urged by the plaintiff in this case, or because the descriptive words "'contract" or "'tort" will no longer be applied to civil actions to be commenced in the Superior Court on or after July 1, 1974, when the new Massachusetts Rules of Civil Procedure will become effective, is a matter properly to be addressed to the Legislature and not to the courts.

The allowance of the motion to strike the affidavits filed by the plaintiff was correct, and is hereby affirmed.

JAMES D. McLAUGHLIN of Boston
. for the Plaintiff