## Nancy COHN
### vs.
### Anthony CAVALLERANO & another[1]

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

April 28, 1980

Philip L. Cohen for the plaintiff.
Paul William Garber for the defendant.

Present: Cowdrey, P.J., Flynn* & Tiffany, JJ.

TIFFANY, J. This is an action in contract to recover the amount of a bank draft issued by the defendants to a representative of the plaintiff and her husband. The sole issue for review is the propriety of the lower court's denial of the defendant's motion to dismiss the plaintiff's complaint or for summary judgment.

The denial of the motion to dismiss or for summary judgment is an interlocutory ruling from which no appeal may be taken until the case is otherwise ripe for judgment. Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 177-179 (1975). An interlocutory order may be reported to this Division only upon the voluntary report of a trial justice. G.L. c. 231, s. 108; Dist./Mun. Cts. R. Civ. P. 64(d); Fred C. Church & Co. v. Pacy, 46 Mass. App. Dec. 13, 14 (1970); Microsonics v. Comrex Corp., 39 Mass. App. Dec. 229, 231 (1968); Patrick v. Mikolaitis, 22 Mass. App. Dec. 167, 168 (1961).

A review of the report and docket herein reflects that the instant appeal is solely the product of the defendant's initiation and demand, and does not arrive at this Division as the result of a voluntary report of the trial judge under G.L. c. 231, s. 108 or Dist./Mun. Cts. R. Civ. P. 64(d).

As was stated in a very recent case in

---

[1] Susan J. Cavallerano.

*The Honorable Maurice R. Flynn, Jr. participated in the hearing and post-hearing conference on this case but passed away prior to the promulgation of this Opinion.

this Division:[2]

> "The reasons that this division is not inclined to pass upon interlocutory matters unless they are voluntarily reported by the judge under Rule 64(d) and G.L. c. 231, s. 108 are obvious. The party aggrieved by an interlocutory ruling may prevail at the trial on the merits, thereby mooting the grievance. Further, this Division could very well be inundated with numerous interlocutory matters, not only in situations where Rule 60 motions to set aside a judgment are allowed, but also in the cases of denials of Rule 41(b)(2) motions to dismiss, Rule 56 motions for summary judgment for Rule 12(b)(6) motions brought for failure to state a claim upon which relief can be granted; as well as where Rule 52 motions to amend findings or Rule 59 motions for a new trial are allowed."

Thus as the ruling at issue is interlocutory in nature, the report must be dismissed as premature.

We feel compelled, however, to note by way of dicta and as an assistance to the trial court, that the denial of the defendant's motion does not seem to be erroneous. the defendant's argument that the plaintiff's claim is precluded because of her status as a married woman suing for rent for property formerly held under a tenancy by the entirety strikes us as inapposite.

The plaintiff's suit is an action based on a dishonored draft by the holder, and would thus appear to be governed by the apropriate provisions in Article 3 of the Uniform Commercial Code, G.L. c. 106, s. 3-101 et seq. It would, therefore, seem to us that the denial of the defendant's motion to dismiss or for summary judgment was proper in view of the plaintiff's apparently valid claim under the Uniform Commercial Code.

No prejudicial error having been found, the report is dismissed.

**So ordered.**
**J. Tiffany**

[2]Hart v. Keoveney, Mass. App. Div. Adv. Sh. (1980) - 142.

