**DUFRESNE-HENRY ENGINEERING CORP.**
vs.
**John R. MURPHY**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**September 4, 1980**

---

[b]Mass. App. Div. Adv. Sh. 1978 269,273.

Arthur I. Missan, Esq. for the plaintiff.
John R. Murphy, Esq. for the defendant.

Present: Cowdrey, P.J., Flynn* & Forte, JJ.

COWDREY, P.J. This is an action in contract to enforce a written guaranty executed by the defendant which allegedly insured payment to the plaintiff for services rendered in the amount of $19,800.00

The defendant filed a motion for summary judgment pursuant to Dist./Mun. Cts. R. Civ. P. 56 which was denied by the trial court. The defendant thereafter claimed a report to this Division on a charge of error in the trial court's refusal to resolve the parties' controversy under Rule 56.

It is elementary that the denial of a

---

*The Honorable Maurice R. Flynn, Jr. participated in the hearing and post-hearing conference on this case, but passed away prior to the promulgation of this Opinion.

motion for summary judgment is an interlocutory ruling from which no appeal may be ordinarily taken before the entry of judgment in the case on the merits. **Rollins Environmental Services, Inc. v. Superior Court**, 368 Mass. 174, 177-179 (1975). An interlocutory order will not be reviewed by this Division unless it is indisputably clear that said order was voluntarily reported by the trial justice as an exercise of this G.L. c. 231, s. 108 and Dist./Mun. Cts. R. Civ. P. 64(d) prerogative. **Cohn v. Cavallerano**, Mass. App. Div. Adv. Sh. (1980) 184, 185; **Murray v. Board of Health of Watertown**, Mass. App. Div. Adv. Sh. (1979) 469, 471, 471-472; **Fred C. Church & Co. v. Pacy** 46 Mass. App. Dec. 13, 14 (1970); **Kolodny v. Khoury**, 38 Mass. App. Dec. 226, 229-230 (1966); **Microsonics, Inc. v. Comrex Corp.**, 39 Mass. App. Dec. 229, 231 (1968); **Patrick v. Mikolaitis**, 22 Mass. App. Dec. 167, 168 (1961).

The report sub judice in fact derived from a request for a report and a draft report submitted by the defendant. There is no indication therein that said report resulted in any way from the trial justice's considered determination that the interlocutory ruling in question "so affects the merits of the controversy that it ought in justice to be determined by the Appellate Division before further proceedings are conducted" (emphasis supplied). **Barnette v. Commercial Union Ins. Co.**, 55 Mass. App. Dec. 3, 5 (1974); **Zimmerman v. Ferreira**, 50 Mass. App. Dec. 24, 25 (1972). The defendant's contention that he will be prejudiced if compelled to engage in a trial on the merits is merely a position characteristically espoused by all Rule 56 moving parties. This contention is insufficient to defeat the well established and prudent judicial policy against piecemeal appellate review. See **Pollack v. Kelly**, 372 Mass. 469, 471 (1977); **Rollins Environmental Services, Inc. v. Superior Court**, supra at 179-180; **Albano v. Jordan Marsh Co.**, 367 Mass. 651, 654-655 (1975); **Hart v. Keoveney**, Mass. App. Div. Adv. Sh. (1980) 139, 141.

The report sub judice represents an improper attempt by the defendant to secure a premature appeal. Accordingly, the report is dismissed.

Cowdrey, P.J.
Forte, J.