This certifies that this is the opinion of the Appellate Division in this cause.

**Suzanne Hurley**
**Clerk, Appellate Division**

**Alverne BOHLIN**
vs.
**Mitchell CAMILLE and Edward J. CAMILLE**

**No. 8746**

Appellate Division of the
District Court Department
Northern District
Commonwealth of Massachusetts

**November 15, 1982**

George E. McCarthy, Jr., Esq., counsel for plaintiff.
Henry Z. Pollock, Esq., counsel for defendant

## OPINION

**Tiffany, J.** This is an action in contract in which the plaintiff seeks to recover an alleged balance due on a promissory note executed by the defendants. The sole question framed for review by the instant report is the propriety of the trial court's denial of the plaintiff's Dist./Mun. Cts. R. Civ. P. 56 motion for summary judgment.

The report and docket entries indicate that this action was commenced on March 27, 1980. The complaint alleged that, for valuable consideration, the defendants executed a promissory note on April 8, 1976 in the amount of $19,000.00; the defendants defaulted in their obligation on the note in May of 1978; and that a balance of $13,662.47 remains outstanding. A copy of the promissory note and ledger account of the defendants' payments were annexed to plaintiff's complaint.

The defendants submitted answers admitting the execution of the note, but denying their default and any indebtedness to the plaintiff. Defendant

Mitchell Camille additionally alleged that he signed the note as a guarantor rather than as a maker and that he received no consideration for his signature. Defendant Edward Camille presented a counterclaim in the sum of $10,553.32 for storage fees, miscellaneous expenses and for a reduction in the value of the common stock purchased from the plaintiff. The defendant's counterclaim alleged that the note was executed by the defendants for the purchase of 50% of the common stock of Ed and Al's, Inc., a Massachusetts corporation, which was owned by the plaintiff.

Subsequent to the purchase, the defendant, Edward Camille, received two notices of federal income tax deficiencies for the corporation. The discharge of these tax obligations caused a substantial reduction in value of the common stock purchased from the plaintiff.

In April of 1980, the plaintiff served the defendants with requests for admissions pursuant to Dist./Mun. Cts. R. Civ. P. 36 which called for the admission of the genuineness of the note, the defendants' signatures thereto and that the defendants were in default in the amount of $13,662.47 on the promissory note. The defendants did not respond to the plaintiff's request for admissions.

On April 30, 1980, the plaintiff submitted a Dist./Mun. Cts. R. Civ. P. 56 motion for summary judgment. In the accompanying affidavit, the plaintiff asserted that the defendants executed the note in question for valuable consideration; that the sum of $13,662.47 remained unpaid on the note; and the defendant's counterclaim was without merit and that the defendants had no valid defense to the action.

The defendants neither appeared nor filed affidavits in opposition to the plaintiff's Rule 56 motion. The trial court denied the plaintiff's motion for summary judgment on July 15, 1981.

On July 21, 1981, the plaintiff filed a "Request for Report of Interlocutory Order" and a draft report. The latter was signed by the trial justice on December 27, 1981.

It is clear that the denial of a Dist./Mun. Cts. R. Civ. P. 56 motion for summary judgment is an interlocutory ruling. **Rollins Environmental Services, Inc. v. Superior Court,** 368 Mass. 174, 177-178 (1975), **Crandall Dry Dock Engineers, Inc. v. Gloucester Marine Railways Corp.,** 334 Mass. 704, 705 (1956); **Cohn v. Cavallerano,** 80 Mass. App. Dec. 81 (1980). It is an elementary tenet of appellate procedure that a party is not entitled to piecemeal appellate review of interlocutory rulings of a trial judge. **Kargman v. Superior Court,** 371 Mass. 324, 329 (1976). An interlocutory ruling will be reviewed by the Appellate Division prior to entry of judgment only with the consent, or upon the voluntary report, of a trial justice, G.L. c. 231, sec. 108; Dist./Mun. Cts. R. Civ. P. 64(d). As the docket clearly discloses that the plaintiff submitted a request for and a draft of the instant report, there is no basis for a conclusion that the appeal is the product of the trial court's initiative.

Although the trial justice's signature is on the report, the report was not accompanied by a written certificate of the trial justice that the ruling in question "so affects the merits of the controversy that it ought, in justice, to be determined by the Appellate Division before further proceedings are had." **Dufresne-Henry Engineering Corp. v. Murphy,** 80 Mass. App. Div. Rep. 126, 127 (1980).

The denial of a Rule 56 motion would not appear to involve a novel or unique question of law for immediate appellate consideration. Indeed, the pedestrian character of summary judgment in district court practice militates against interlocutory review thereof to prevent the conceivable inundation of this Division with reports of Rule 56 matters prior to judgment. The plaintiff's assertion that he "is entitled to summary judgment as a matter of law and will be forced to incur undue expense and delay to try the case in which there is no material issue of fact" is neither dispositive here nor **per se** sufficient "to

defeat the well established and prudent judicial policy against piecemeal appellate review." **Dufresne-Henry Engineering Corp. v. John R. Murphy Engineering Corp.**, supra, at 127.

An examination of the report and all pleadings and exhibits annexed thereto suggests that the trial court's denial of the plaintiff's Dist./Mun. Cts. R. Civ. P. 56 motion for summary judgment did not constitute error.

To be entitled to a judgment as a matter of law pursuant to Rule 56, a moving party must demonstrate "by credible evidence from his affidavits and other supporting materials that there is no genuine issue of material fact . . ." Dist./Mun. Cts. R. Civ. P. 56(a), **Community National Bank v. Dawes**, 369 Mass. 550, 554 (1976). A plaintiff establishes a **prima facie** case for recovery on a promissory note by the introduction of the note and by the establishment of the genuineness of the maker's signature. **Loew v. Minasian**, 361 Mass. 390, 391 (1972). The plaintiff herein attached a copy of the defendants' promissory note to both his complaint and to his Rule 56 motion. Furthermore, the genuineness of the defendants' signatures must be deemed to have been admitted as a matter of law in view of the defendants' failure to specifically deny such genuineness in their answer; **W. A. Robinson, Inc. v. Burke**, 327 Mass. 670 (1951). The defendants' further failing to respond to plaintiff's request for a Dist./Mun. Cts. R. Civ. P. 36 admission as to the genuineness of the signatures constituted a binding admission. **Deutsch v. Ormsby**, 354 Mass. 485, 489 (1968).

Finally, the promissory note itself constituted **prima facie** evidence that the note was issued for good and valuable consideration, **Baker v. Paeff**, 318 Mass. 366, 371 (1945).

However, G.L. c. 106, sec. 3-408 provides:

"Want or failure of consideration is a defense as against any person not having the rights of a holder in due course . . . Partial failure of consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount."

The plaintiff's presentation of **prima facie** evidence for recovery does not preclude the defendant from challenging such evidence with proof of failure of consideration underlying the note. Want or failure of consideration is a good defense to a suit upon a non-negotiable instrument, **Geffen v. Paletz**, 312 Mass. 48, 55 (1942); **Herman v. Sadolf**, 294 Mass. 358, 360 (1936), and the burden of proof rests upon the defendant-payee to establish the existence of such defense. **Leonard v. Woodward**, 305 Mass. 338 (1940).

The defendants' assertion in their answers, counterclaim and responses to interrogatories as to the reduction in value of the common stock subsequent to purchase may be characterized as an allegation of failure of the consideration underlying the promissory note in question. The defendants' admission in their answer of the truth of paragraph 4 of the plaintiff's complaint that the note was executed "in return for valuable consideration" would appear to preclude only a defense of a "lack of consideration" rather than a "failure of consideration." Whether there has been a failure of consideration customarily presents a question of fact for the trial court. **Domestic Rag Co. v. Cutler**, 339 Mass. 778, 779 (1959).

The defendants' mere allegation of a failure of consideration defense would be insufficient to withstand the allowance of plaintiff's motion as they must set forth specific facts demonstrating the existence of a material question of fact. **Turner v. McCune**, 4 Mass. App. Ct. 864, 865 (1976).

Although the better course of action would be to file a counter-affidavit, the defendants did file an affidavit in opposition to plaintiff's earlier motion to attach real estate. In reviewing a motion for summary judgment, a "court will contemplate any affidavit on file, even

one submitted in connection with another motion.'' Smith and Zobel, Rules Practice, Vol. 8, sec. 56.7 p. 358 (8 M.P.S. (1977) ).

Viewing the defendant's earlier counter-affidavit and all other pleadings and documents on file in the light most favorable to the defendants, **Lewis v. Antelman** (a); **Davidson v. Commonwealth** (b), it would appear that the defendants have alleged specific facts to indicate some degree of factual inquiry remains to be undertaken with respect to the consideration underlying the promissory note and that they should not be summarily precluded as a matter of law.

The defendants have, at least minimally, demonstrated the existence of a potential question of fact relative to the partial failure of consideration underlying the promissory note.

No error having been found in the trial court's denial of the motion for summary judgment, the matter is herewith remanded to the trial court for trial on the merits.

So ordered,

Elliott T. Cowdrey, P.J.
John P. Forte, J.
James B. Tiffany, J.