**FIRST EAST SAVINGS BANK**
vs.
**Charles H. BEAN**

No. 8701

Appellate Division of the
District Court Department
Northern District
Commonwealth of Massachusetts

**November 26, 1982**

**David A. Goodof, Esq.,** counsel for plaintiff.
**Sunmer H. Smith, Esq.,** counsel for defendant.

## OPINION

**Forte, J.** This is a petition by Janice M. Bean to establish a report. The draft report filed timely in behalf of Janice M. Bean was returned to counsel with the notation: "(t)his is an interlocutory pleading and does not qualify for a report."

The plaintiff made a real estate attachment of "the goods or estate of the defendant Charles H. Bean standing in the name of Janice M. Bean . . ." Thereafter, Janice M. Bean filed a motion to "vacate and discharge attachment of the real estate."

Upon denial of the motion, Janice Bean filed a draft report, which was returned with the notation quoted above.

It is true that this petition constitutes an attempt to appeal an interlocutory ruling. Rule 64(d) of the Dist./Mun. Cts. R. Civ. P. permits a report of interlocutory rulings without delay "if the court in its discretion deems it appropriate." The record indicates that the trial judge did not so deem it appropriate. In the absence of the trial judge's consent, a report on interlocutory matters "will not be considered until the case is ripe for final judgment." **Pollack v. Kelly,** 372 Mass. 469, 470 (1977). This rule also applies to appeals to the Appellate Division. **Ibid.** at 477.

Although an interlocutory issue is not forwarded to the Appellate Division for review "until the action is ripe for final judgment," the trial court is not permitted to reject the draft report and cause the draft report to be returned to counsel. The court herein should have conducted a hearing and either settled a report, or dismissed or disallowed the draft report. It should be noted that draft reports of interlocutory matters are specifically exempted from the three-month rule for final action by the trial judge upon a draft report set forth in Dist./Mun. Cts. R. Civ. P. 64(c)(5).

On the issue of whether the court's action was a dismissal (therefore requiring a draft report on the dismissal) or a disallowance (requiring a petition to establish), we interpret the rejection of the draft report as a dismissal for two reasons: (1) it was based upon a determination that interlocutory rulings do not qualify for a report, **Wind Innersole and Counter Co. v. Geilich,** 317 Mass. 327 (1944); **Kelleher v. Thompson,** Mass. App. Div. Adv. Sh. (1978) 113; and (2) there is no report on file which could be established by petition. **Comfort Air Systems, Inc. v. Cacopardo,** 370 Mass. 255, 258 (1976); **Calcagno v. P. H. Graham & Sons Co.,** 313 Mass. 364, 366 (1943).

Therefore, this petition to establish a report is denied.

However, to carry out our mandate under G.L. c. 231, s. 110 as amended by St. 1973, c. 1114, s. 98 "to render a decision according to the justice of the case," we remand this matter to the trial court with instructions to receive for filing Janice M. Bean's draft report and to conduct proceedings thereon pursuant to Dist./Mun. Cts. R. Civ. P. 64(c)(4).

So ordered.

Elliott T. Cowdrey, P.J.
John P. Forte, J.
H. Lawrence Jodrey, J.

This certifies that this is the opinion of the Appellate Division in this cause.

Suzanne Hurley
Clerk, Appellate Division