Doyle, P.J.
This is an action in contract in which a default judgment was entered on March 30,1983.
On April 13, 1984, more than one year after judgment, the defendant’s motion for relief from judgment was filed and denied in the trial court.
Approximately three months later, on July 8,1984, the defendant submitted a motion to extend the time to file a request for a report pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (1) (i). Said motion was denied by the trial justice on October 4, 1984. A report challenging this ruling was settled and signed by the trial justice on February 14,1985, and appropriate notices were *107 issued. No further action was taken, however, by either party to advance or perfect an appeal to this Division.
1. Rule 64(f) of the Dist./Mun. Cts. R. Civ. P. mandates that each party shall submit a written brief and five copies thereof within fifteen days after notice of the allowance or establishment of a report. Rule 64(f) further provides, in relevant part, that
No oral argument will be heard in behalf of a party for whom briefs have not been filed as provided in this rule unless by special permission of the Appellate Division. The Appellate Division need not pass upon questions or issues not argued in briefs.
Neither the plaintiff nor the defendant herein submitted a written brief or requested to be heard in oral argument. It is axiomatic that such failure constitutes a forfeiture of any right of appeal. See, e.g., Fortier v. Coady Corp., 1984 Mass. App. Div. 266, 267; Friedman v. Charles, 1983 Mass. App. Div. 27, 28; Cahill v. Town of Swampscott, Mass. App. Div. Adv. Sh. (1979) 337, 338-339; Hill v. Motor Club of America Ins. Co., Mass. App. Div. Adv. Sh. (1978) 646.
Accordingly, the report is dismissed.
2. We also note that the defendant, as appellant, not only failed to file five copies of the established report as mandated by Rule 64 (Q, but also neglected to remit payment to the trial court clerk of the $25.00 filing fee imposed by G.L.c. 262 § 2. Each of these omissions may alone warrant the dismissal of a report. General Laws c. 231, § 108 provides that “ [i]f the party claiming [a] report shall not duly prosecute the same, by preparing the necessary papers or otherwise, the Appellate Division may order the cause to proceed as though no such claim had been made. .. .” See also Dist./Mun. Cts. R. Civ. P., Rule 64 (g).
3. Pursuant to G.L.c. 231, § 108 and Rule 64 (f) and (g), the defendant’s appeal is dismissed for lack of prosecution. See Voci v. Sears, Roebuck & Co., 1983 Mass. App. Div. 107, 108 and cases cited.