Ruma, J.
This is an action in contract to recover fees for the plaintiffs referral of clients to the defendant.
The plaintiff is a certified public accountant. The defendant is engaged, inter alia, in mortgage brokering. The complaint alleges that the parties entered into an agreement whereby the plaintiff would refer those of his clients who required mortgage brokerage services to the defendant and would perform ancillary accounting work in return for the defendant’s payment of a sum equal to fifty (60%) percent of any brokerage fees received from clients so referred by the plaintiff. The plaintiff actually directed two clients to the defendant who eventually received $70,000.00 in fees for financing services rendered to them. The defendant paid only $13,000.00 of the $36,000.00 owed to the plaintiff for his referral of the two clients. The plaintiff instituted the present suit to recover the approximate $22,000.00 balance due.
The defendant filed a Dist./Mun. Cts. R. Civ. P. Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted. Said motion was predicated upon G.L. c. 112, § 87RR which bars any suit to recover real estate brokerage fees by a party who is not a broker licensed pursuant to G.L. c. 112, § 87PP. The defendant contended that the complaint’s omission of any allegation that the plaintiff was a licensed broker was fatal under G.L. c.112, § 87RR. The plaintiff argued in oppositionto the defendant’s motion that the statute was inapposite as this was not a suit for real estate broker fees.
The trial court denied the defendant’s Rule 12(b)(6) motion to dismiss. The defendant thereafter filed a request for a report and a draft report. The report, which is devoid of any reference to the interlocutory status of the court’s denial order, was signed by the trial justice and then forwarded to this Division. To date, no trial has been held.
It is elementary that there is no right to immediate appellate review of interlocutory orders or rulings. Appellate courts in this Commonwealth countenance few exceptions to that
general rule of practice so early announced, so frequently reiterated and so constantly followed, and so manifestly in the interest of parties litigant and the general public.. .that [interlocutory rulings] will not be considered until the case is ripe for final judgment.
Pollack v. Kelly, 372 Mass. 469, 470-471 (1977), quoting from Weil v. Boston Elev. Ry., 216 Mass. 545, 549 (1914). An appeal of an interlocutory order may *134 be brought to this Division only with the consent or upon the voluntary report of the trial justice pursuant to G. L. c. 231, § 108 and Dist./Mun. Cts. R. Civ. P., Rule 64(d). See, generally, First East Sav. Bk. v. Bean, 1982 Mass App. Div. 301; Hart v. Keoveney, 1980 Mass. App. Div. 69, 60. A proper exercise of a trial justice’s Rule 64(d) discretion to report an interlocutory ruling entails an express, written certification in the report that the interlocutory ruling in question “so affects the merits of the controversy that it ought, injustice, to be determined by the Appellate Division before further proceedings are had.” See Pleasant Travel, Inc. v. Butler, 1983 Mass. App. Div. 41, 43-44; Barnette v. Commercial Ins. Co., 55 Mass. App. Dec. 3, 5 (1974), Zimmerman v. Ferreira, 50 Mass. App. Div. 24, 25 (1972).
The report sub judice omits such requisite certification of the trial justice’s assessment of the essential significance of the interlocutory ruling at issue and the unavoidable necessity for immediate appellate consideration. Absent such certification of the trial justice’s attention to these factors, we are disinclined to grant immediate appellate review. See Cohn v. Cavallerano, 1980 Mass. App. Div. 81; Dufresne-Henry v. John R. Murphy Eng. Corp., 1980 Mass. App. Div. 126, 127. Generally, the “pedestrian character of [Rule 12(b)(6) dismissal motions] in district court practice militates against interlocutory review thereof to prevent the conceivable inundation of this Division” with reports of such matters prior to judgment. Bohlin v. Camille, 1982 Mass. App. Div. 286, 287. Certainly nothing appears on the face of the particular Rule 12(b)(6) motion submitted by the defendant herein or the court’s denial thereof[1] which is sufficiently unique or compelling to warrant a departure from the well-established and prudent judicial policy against piece-meal appellate review. CUNA Mut. Ins. Society v. Attorney General, 380 Mass. 539, 541 (1980); Barman v. Borman, 378 Mass. 775, 779 (1979).
As the defendant’s appeal to this Division is premature, the report is hereby dismissed.

 We note by way of dieta that no apparent error attends the court’s denial of the defendant’s motion.