Ruma J.
The plaintiff, Eastern Co., d/b/a Eastco (“Eastco”) brought this action against defendants Daniel B. Abrams (“Abrams”) and United Truck Leasing Corporation (“United”) to recover the purchase price of carpet delivered to Abrams’ residence. United had employed Abrams, but such employment terminated soon after Eastco’s delivery of the carpet to Abrams’ home. This termination resulted in four, separate lawsuits between Abrams and United, all of which were settled with both parties executing general releases. In the present suit, Abrams and United each denied Eastco’s claim and filed crossclaims against each other on the basis of the general releases previously executed.
United has appealed both the allowance of Abrams’ Dist./Mun. Cts. R.Civ. P., Rule 56 motion for summary judgment on his crossclaim against United and the denial of United’s motion for summary judgment on its crossclaim against Abrams. *193 Eastco’s claim has not yet been adjudicated.
United conceded in oral arguments to this Division that its appeal is premature and will remain so until such time as Eastco were to prevail in its claim against United. The trial judge’s resolution of the crossclaims between Abrams and United did not bring this case to final judgment. Further, the report of interlocutoiy rulings now before this Division was not submitted pursuant to Dist./Mun. Cts. R. Civ. P. Rule 64(d).
It is axiomatic that there is no right to immediate appellate review of unreported interlocutory orders or rulings. Rollins Environmental Serv., Inc. v. Superior Court, 368 Mass. 174, 179 (1975). An appeal of an interlocutory order may be brought to this Division only with the consent or upon the voluntary report of the trial justice pursuant to G. L. c.231, §108 and Dist./Mun. Cts. R. Civ. P., Rule 64(d). See, generally, Foreign Auto Imports, Inc. v. Renault, 367 Mass. 464, 467 (1975); Munro v. U.S.-China Peoples Friendship Assoc., 1989 Mass. App. Div._(Sept., 1989); First East Savings Bank v. Bean, 1982 Mass. App. Div. 301. The trial justice has not certified the interlocutory rulings in question as rulings which “so affect the merits of the controversy that [they] ought, in justice, to be determined by the Appellate Division before further proceedings are had.” Pleasant Travel, Inc. v. Butler, 1983 Mass. App. Div. 41, 43-44. In the absence of such certification, we decline to grant immediate appellate review of interlocutory rulings. Quint v. Moffie, 1987 Mass. App. Div. 133 and cases cited. Nothing inherent in the trial court’s action upon the defendants’ crossclaims herein is sufficient to warrant a departure from the well-established and prudent judicial policy against piecemeal appellate review. See Quint v. Moffie, supra; Bohlin v. Camille, 1982 Mass. App. Div. 286, 287.
As United’s appeal to this Division is premature, the report is hereby dismissed.