Kane, J.
This is a petition to establish a draft report filed by the plaintiff which was never settled by the trial judge. In his draft report, the plaintiff claims to be aggrieved by (1) the trial judge's allowance of the defendants' motion to dismiss on April 26,1988 and (2) the trial judge's assessment of attorneys' fees against the plaintiff after the plaintiffs motion to vacate the judgment of dismissal was allowed by the court on May 30,1989.
The circumstances giving rise to this petition are as follows: A complaint was filed on December 24,1986 alleging negligence on the part of the defendants resulting in personal injuries to the plaintiff. On December 18,1987, a request was sent to the court by the plaintiffs attorney asking that the action be put on the court's trial list for April 26,1988.
On April 26,1988, the plaintiff failed to appear for the scheduled trial. Consequently, the trial judge allowed the defendants' oral motion for dismissal. On April 29,1988, the plaintiff filed a motion to vacate the dismissal which was heard and allowed by the trial judge on May30,1989. Furthermore, the trial judge ordered the plaintiff to pay $600.00 in attorneys' fees to the defendants' attorneys within thirty days of the allowance of the motion.
On June 7,1989 the plaintiff filed a request for a draft report pursuant to Dist./ Mun. Cts. R Civ. P., Rule 64(c). In his proposed report, the plaintiff claimed to be aggrieved by the allowance of the defendants' motion to dismiss on Apiri 26,1988 and the assessment of attorneys' fees by the trial judge in conjunction with the allowance of the motion to vacate the judgment of dismissal on May 30,1989. Since the trial judge had failed to act on said request for a draft report as of September 11, 1989, the plaintiff filed this petition.
Clearly, this case has not reached final judgment. The trial judge's order to vacate the judgment of dismissal on May 30,1989 returned the case to active status. An appeal of the aforementioned rulings would therefore constitute an interlocutory appeal.
The failure of the trial judge to settle the report is perhaps indicative of his reluctance to report said rulings to this division pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(d). Absent such a report by the judge, interlocutory rulings will not be reviewed by this division. Munro v. U.S.-China Peoples Friendship Ass'n., 1989 Mass. App. Div. 177. “. . . [A] party is neither entitled to, nor may claim as of right, *55 immediate appellate review of unreported interlocutory orders or rulings.” Munro at 177, citing Rollins Environmental Serv., Inc. v. Superior Court, 368 Mass. 174, 179 (1975).
Accordingly, the petition to establish the proposed draft report is denied.