Forte, J.
This is an attempt by the defendant to obtain Appellate Division review of the trial court’s denial of the defendant’s motion to dismiss. The plaintiff has filed a motion to dismiss the defendant’s appeal on the grounds, inter alia, that it is interlocutory and that the defendant has failed to prosecute the appeal by filing a written brief to this Division.
Although the defendant filed a draft report which was settled by the motion judge, the appeal is clearly interlocutory in nature and prematurely before this Division.
It is elementary that there is no right to immediate appellate review of interlocutory orders or rulings. Appellate courts in this Commonwealth countenance few exceptions to that ‘general rule of practice so early announced, so frequently reiterated and so constantly followed, and so manifestly in the interest of parties litigant and the general public... that [interlocutory rulings] will not be considered until the case is ripe for final judgment.’ Pollack v. Kelly, 372 Mass. 469, 470-471 (1977).
Quint v. Moffie, 1987 Mass. App. Div. 133.
Rule 64(d) of the Dist./Mun. Cts. R. Civ. P. permits interlocutory appeals only with the consent or upon the voluntary report of the trial judge. A proper exercise of the trial judge’s discretion to report an interlocutory ruling requires “an express, written certification in the report that the interlocutory ruling in question ‘so effects the merits of the controversy that it ought, in justice, to be determined by the Appellate Division before further proceedings are had.’” Quint v. Moffie, supra at p. 134.
The present report lacks such requisite certification by the motion judge. Without such certification, we are disinclined to grant immediate appellate review. See Cohn v. Cavallerano, 1980 Mass. App. Div. 81; Cappadona v. Riverside 400 Function Room, 372 Mass. 167 (1977).
*56 In addition, Rule 64(0 mandates the filing of written briefs and provides that “[t] he appellate division need not pass upon questions or issues not argued in briefs.” The defendant-appellant did not file an appellate brief in this matter, and the appeal is accordingly dismissed. Eagle Tribune Publishing Co. v. Cowhey, 1985 Mass. App. Div. 106.
The plaintiffs motion to dismiss this appeal is allowed. Report dismissed.