OAKVILLE DEVELOPMENT CORPORATION, trustee, &
another[1] *vs.* COMMONWEALTH MORTGAGE COMPANY, INC.,
& others.[2]

No. 90-P-1029.

Suffolk. December 13, 1991. - April 27, 1992.

Present: WARNER, C.J., SMITH, & IRELAND, JJ.

*Lis Pendens. Injunction. Practice, Civil*, Interlocutory appeal, Lis pendens
notice, Injunctive relief.

Where review by a single justice of this court concerned only the propriety
of a Superior Court judge's denial of parties' motion for an order per-
mitting them to record a memorandum of lis pendens, this was the only
matter on which the single justice could act; the single justice was with-
out authority, on his own initiative, to order temporary injunctive relief.
[448-449]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 18, 1990.

Motions for endorsement of a memorandum of lis pendens
were heard by *Elizabeth B. Donovan*, J.

A proceeding for interlocutory review was heard in the
Appeals Court by *Brown*, J.

*Edward Rabinovitz* for the defendants.
*David Hoicka* for the plaintiffs.

SMITH, J. In May, 1990, the plaintiffs, Oakville Develop-
ment Corporation (Oakville), trustee of the 10-12 Lopez
Street Trust, and David Hoicka, brought a sixteen-count
complaint in the Superior Court against the defendants,
Commonwealth Mortgage Company, Inc. (Commonwealth),
and eighteen individuals; each of the individual defendants
was at one time an employee, officer, or director of Common-

---

[1]David Hoicka.
[2]Eighteen named individuals.

wealth. The complaint alleged, among other things, that Commonwealth had improperly declared Hoicka to be in default of his mortgage, and, as a result, Commonwealth had illegally commenced foreclosure proceedings.

On May 18, 1990, the plaintiffs filed a motion in the Superior Court requesting an order that would allow them to record a memorandum of lis pendens against the mortgaged property in Cambridge. On the same date, the plaintiffs filed a separate motion requesting a Superior Court judge to enjoin the mortgage foreclosure sale. Both motions were denied on June 22, 1990.

On July 12, 1990, the plaintiffs filed a motion in the Superior Court requesting, once again, that an order issue allowing them to record a memorandum of lis pendens against the mortgaged property. Because, in effect, the motion amounted to a request for reconsideration of the prior motion, which had been denied, it was referred to the Superior Court judge who had denied the first motion.

After that reference, the plaintiffs filed in this court a document entitled "PLAINTIFFS' INTERLOCUTORY APPEAL OF DENIAL OF LIS PENDENS PURSUANT TO M. G. L. Ch. 231, § 118." The document was entered by the clerk's office as a petition for review by the single justice pursuant to the first paragraph of G. L. c. 231, § 118. In the document, the plaintiffs requested that we "[r]everse the Superior Court, and endorse their [m]emorandum of [l]is [p]endens, . . . [a]nd grant such and further relief as may be just and proper."[3] The plaintiffs did not request review of the denial by the Superior Court judge of their separate mo-

_____

[3]In *Sutherland* v. *Aolean Dev. Corp.*, 399 Mass. 36, 39-40 (1987), the court held that under the second paragraph of G. L. c. 184, § 15, as amended by St. 1985, c. 809, a party aggrieved by a judicial authorization or denial of such authorization for the recording of a memorandum of lis pendens may appeal to a panel of the Appeals Court, under G. L. c. 231, § 118, second par., *or* may seek relief from a single justice of that court pursuant to G. L. c. 231, § 118, first par. Here, the matter was heard and decided by the single justice. There was no objection to that procedure by the plaintiffs. The *defendants'* appeal from the decision of the single justice to a panel of this court is brought pursuant to G. L. c. 231, § 118, second par.

tion requesting an injunction against the foreclosure sale of the mortgaged property, nor did they file an appeal in the Superior Court under the provisions of the second paragraph of G. L. c. 231, § 118.

After a hearing, the single justice affirmed the order of the Superior Court judge denying the recording of the memorandum of lis pendens. However, the single justice, sua sponte, issued an order enjoining the defendants "from foreclosing on the real estate that is the subject of a proceeding in the Superior Court . . . until there has been a final adjudication in that court of the underlying merits, or until further order of this court or a single justice thereof . . . ." The defendants have appealed the granting of that injunction. They argue that, because the Superior Court judge's order under review did not involve the grant or denial of an injunction, the single justice lacked the authority to grant the injunction. We agree.

Since July 1, 1974, review of certain trial court civil interlocutory orders by a single justice of either appellate court has been expressly authorized by G. L. c. 231, § 118, first par., set forth in the margin.[4] The effect of the statute is to "create[] a narrow exception to [an appellate court's] more general policy that interlocutory rulings may not be presented piecemeal to the Appeals Court or to [the Supreme Judicial Court] for appellate review." *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 612 (1980).

A single justice, presented with a petition for relief pursuant to G. L. c. 231, § 118, first par., "enjoys broad discretion to deny the petition, or to 'modify, annul or suspend the execution of the interlocutory order.' " *Id.* at 614, quoting from

---

[4]General Laws, c. 231, § 118, first par., as amended by St. 1987, c. 208, §§ 1, 2, provides: "A party aggrieved by an interlocutory order of a trial court justice in the superior court department, the housing court department, the land court department or the probate and family court department may file, within thirty days of the entry of such order, a petition in the appropriate appellate court seeking relief from such order. A single justice of the appellate court may, in his discretion, grant the same relief as an appellate court is authorized to grant pending an appeal under section one hundred and seventeen."

*Rollins Envtl. Servs., Inc.* v. *Superior Ct.*, 368 Mass. 174, 181 (1975). If the lower court's order denies a preliminary injunction, a single justice of the Appeals Court has the authority to modify the order to grant the requested injunction. *Edwin R. Sage Co.* v. *Foley*, 12 Mass. App. Ct. 20, 22-25 (1981).

There are limitations, however, on the authority of the single justice when presented with a petition for relief under G. L. c. 231, § 118, first par. The statute does not confer any equity powers upon the single justice. It "permits the single justice to act only on interlocutory orders . . . ." Henn, Civil Interlocutory Appeals to the Single Justice Under Massachusetts General Laws, Chapter 231, § 118, First Paragraph, 33 B.B.J. 10, 12 (1989).

Here, the plaintiffs failed to file a petition for relief from the Superior Court judge's order denying their motion to enjoin the foreclosure sale of their property. The petition before the single justice was concerned only with the Superior Court judge's denial of the plaintiffs' motion to record the memorandum of lis pendens.[5] Therefore, that order was the only matter upon which the single justice could act. There was nothing before him allowing him to enjoin the defendants from proceeding with the foreclosure sale "until there has been a final adjudication in [the Superior Court] of the un-

---

[5]Under G. L. c. 231, § 117 (referred to in the second sentence of G. L. c. 231, § 118, first par.), and Mass.R.A.P. 6(a), as amended, 378 Mass. 930 (1979), a party may request from the single justice, and he may grant, an order granting an injunction *during the pendency of the party's appeal.* Here, the plaintiffs did request that the "Court enter an order enjoining [the defendants] from conducting a foreclosure auction and foreclosing the mortgage secured by [property in] Cambridge, *pending Plaintiffs' appeal to the Single Justice and/or panel of the Appeals Court pursuant to G. L. c. 231, § 118*" (emphasis added). The injunction that the single justice granted enjoined the defendants "from foreclosing on the real estate that is the subject of a proceeding in the Superior Court . . . until there has been a final adjudication in that court of the underlying merits . . . ." That injunction is obviously much broader than the type of injunction requested by the plaintiffs and authorized by § 117 and rule 6.

derlying merits . . . ." Because the single justice lacked authority to grant the injunction, it is ordered dissolved.

*So ordered.*