Curtin, J.
This is the second Dist./Mun. Cts. R. A D. A, Rule 8A appeal by the plaintiffs of the same interlocutory ruling; to wit, the denial of their motion for summary judgment. The defendants have appropriately filed a motion to dismiss this second premature appeal, and we hereby allow said motion.
There can obviously be no dispute that the denial of the plaintiffs’ summary judgment motion constituted an interlocutory ruling. Panesis v. Loyal Protective Life Ins. Co., 5 Mass. App. Ct. 66, 76 (1977); Seigal v. Fitz Taxi, Inc., 1986 Mass. App. Div. 42, 43 (1986); Bohlin v. Camille, 1982 Mass. App. Div. 286, 287. Both of the plaintiffs’ Rule 8A appeals were thus patently violative of that “general rule of practice so early announced, so frequently reiterated and so constantly followed, and so manifestly in the interest of parties litigant and the general public ... that exceptions will not be considered until the case is ripe for final judgment.’’ Albano v. Jordan Marsh Co., 367 Mass. 651, 654 (1975). There are, in fact, few principles as elementary and well established as the rule that a litigant is not entitled to piecemeal appellate review of interlocutory rulings, decisions and orders which have not been reported by the trial judge. See, e.g., Ashford v. Massachusetts Bay Transp. Auth., 421 Mass. 563, 565 (1995); Gibbs Ford, Inc. v. United Truck Leasing Corp., 399 Mass. 8, 12 n.10 (1987); Cronin v. Strayer, 392 Mass. 525, 530 (1984); CUNA Mut. Ins. Soc. v. Attorney General, 380 Mass. 539, 541 (1980); Pollack v. Kelly, 372 Mass. 469, 470-471 (1977); Cappadona v. Riverside 400 Function Room, Inc., 372 Mass. 167, 169 (1977); Rollins Environmental Serv., Inc. v. Superior Court, 368 Mass. 174, 177-178 (1975); R.J.A. v. K.A.V., 34 Mass. App. Ct. 369, 372 (1993); Oakville Develop. v. Commonwealth Mortg., 32 Mass. App. Ct. 445, 457 (1992); Brooksbank v. Epstein, 5 Mass. App. Ct. 377, 378 (1977).
Both the Appellate Division enabling statute and the District and Municipal Court Rules for Appellate Division Appeal clearly and unequivocally embody this basic, prudent judicial policy against interlocutory appeals by litigants. Section 108 of G.L.C. 231 unambiguously provides, in pertinent part:
If a single justice is of the opinion that an interlocutory finding or order made by him ought to be reviewed by the appellate division before any further proceedings in the trial court, he may report the case for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties [emphasis supplied].
*102 In the Appellate Division Rules in their entirety, the only reference to interlocutory appeals is found in Rule 5, which plainly states:
Pursuant to G.L.c. 231, §108, a judge may, in his or her discretion, report a judgment, interlocutory or other ruling, finding or decision for determination by the Appellate Division [emphasis supplied].
The established principle is thus unmistakable and rudimentary. Absent the voluntary report or consent of the trial judge, there is no right to the immediate appeal of an interlocutory ruling. Appellate Division cases reiterating this proposition are legion. See, e.g., Christopher v. Herb Connolly Buick Co., 1994 Mass. App. Div. 187; Hanlon v. Floridia, 1994 Mass. App. Div. 98; Collatos v. Considine, 1993 Mass. App. Div 188; Moran v. Weiffering, 1991 Mass. App. Div. 43, 44; Munro v. US-China Peoples Friendship Ass’n, 1989 Mass. App. Div. 177, 178; Quint v. Moffie, 1987 Mass. App. Div. 133, 134; Seigal v. Fitz Taxi Inc., supra at 43; Pleasant Travel Inc. v. Butler, 1983 Mass. App. Div. 41, 43; First Eastern Sav. Bank v. Bean, 1982 Mass. App. Div. 301; Nonantum Lumber Co. v. DePamphilis, 1981 Mass. App. Div. 126, 127; Hart v. Keoveney, 1980 Mass. App. Div. 59, 60; Cohn v. Cavallerano, 1980 Mass. App. Div. 81; Dufresne-Henry v. John R. Murphy’s Eng. Corp., 1980 Mass. App. Div. 126, 127.
Despite the overwhelming statutory, procedural rule and case law precedent against them, the plaintiffs have for more than ten months needlessly burdened the trial court, this Division and the defendants with repeated, futile attempts to obtain an interlocutory appeal. The plaintiffs’ Rule 56 motion was denied on August 2, 1996. The plaintiffs then filed and completed a Rule 8A appeal to this Division. On October 24, 1996, we issued a Decision and Order dismissing the plaintiffs’ appeal on the expressly stated ground that it was premature in the absence of a Rule 5 report by the trial judge. On December 23,1996, the plaintiffs filed in the trial court a motion for reconsideration of the denial of their summary judgment motion or, in the alternative, the trial judge’s consent to a Rule 5 report of said denial. The motion was denied on January 7,1997.
The plaintiffs still persisted, filing a second expedited appeal to this Division on January 16,1997. Prior to the trial court’s forwarding of this appeal, the plaintiffs filed yet another motion in the trial court for the judge’s consent to a Rule 5 report. The motion was again denied.
It is not enough to state the obvious that the plaintiffs’ appeal is wholly improper and utterly frivolous. “Because of the delay and wastework which improper appeals necessarily entail, the perpetrator should expect not only dismissal of his appeal, but also the possibility of double costs, penalty interest or damages ...” Mancuso v. Mancuso, 10 Mass. App. Ct. 395, 402 (1980).
Accordingly, the defendants’ motion to dismiss the plaintiffs’ appeal is allowed. Pursuant to Dist./Mun. Cts. R. A. D. A, Rule 25, double costs are hereby assessed against the plaintiffs’ attorney. Defendants’ counsel is instructed to file in the trial court a sworn statement of all costs, exclusive of attorney’s fees, incurred since August 12,1996 in opposing the plaintiffs’ frivolous appeals.
So ordered.