Wheatley, J.
The plaintiffs in this case, begun March 8, 1999, seek damages resulting from reliance upon the defendant’s inspection and certification of a septic system which failed. Under Mass. R. Civ. R, Rule 12(b) (6), the defendant filed a “motion to dismiss or in the alternative for judgment on the pleadings,” arguing that the plaintiff failed to state a cause of action and is barred by the Statute of Limitations. On May 20,1999, the trial court judge, treating the motion as a motion to dismiss, denied it and made specific responses to the defendant’s sixteen requests for rulings of law. The case is now before us on the defendant’s appeal from this May 20 ruling. We dismiss the appeal and remand the case to the trial court for further proceedings.
There can be no question that the denial of the defendant’s motion to dismiss by the trial judge is an interlocutory ruling. Rather than being a final decision in the case, it opened the way to a trial on the merits. “Parties litigant have never been given the right to [enter appeals] relating to interlocutory matters until the case is ripe for final disposition in the court where it is pending....” Pollack v. Kelly, 372 Mass. 469 (1977), at 476, 362 N.E.2d 525. A final disposition "... by the ordinary and approved usage of the language as applied to an action at law means a decision which leaves nothing more open to dispute and which sets controversy at rest.” ‘The test of the finality of a decision is whether it terminates the litigation on its merits, directs what judgment shall be entered, and leaves nothing to the discretion of the trial court....” Id., at 475, 476. “There are... few principles as elementary and well established as the rule that a litigant is not entitled to piecemeal appellate review of interlocutory rulings, decisions and orders which have not been reported by the trial judge.” Price-Hanson v. Pare, 1997 Mass. App. Div. 101, and cases cited. The enabling statute of the Appellate Division[2] provides, in relevant part:
If a single justice is of opinion (sic) that an interlocutory finding or order made by him ought to be reviewed by the appellate division before any further proceedings in the trial court, he may report the case for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties.
“The established principle is thus unmistakable and rudimentary. Absent the voluntary report or consent of the trial judge, there is no right to the immediate appeal of an interlocutory ruling.” Id., at 102. In the appeal before us, the trial *223 judge neither made a voluntary report nor gave her consent to review her ruling on the motion to dismiss.
Accordingly, this appeal is dismissed and the case is remanded to the trial court for further proceedings.
So ordered.

 G.L.C. 231, §108.